UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

June 2, 2005

Richard Donovan
Clerk of Court
United States Court of Appeals
1602 Post Office and Courthouse
Boston, MA 02109

RE: USA v. Arthur D'Amario
CR99-24S

Dear Mr. Donovan:

Enclosed herewith you will find the SUPPLEMENTAL RECORD ON APPEAL together with a certified copy of the docket entries in the above entitled case.

Kindly acknowledge receipt for the same on the enclosed copy of this letter.

Sincerely yours,

David A. DiMarzio
Clerk of Court

Doreen L. Baldinelli
DEPUTY CLERK

ENC: Certified Docket, Report & Recommendations of Magistrate Judge Lincoln Almond dated 4/5/2005 (Document #433); Motion to Adjudge in Contempt Keeper of Records for Attleboro Police Dept (Document #397).

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 99-24S |
| | : | |
| ARTHUR D'AMARIO, III | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Defendant's Motion To Adjudge in Contempt, under Fed. R. Crim. P. 17(g) (Document No. 397). This matter has been referred to me for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has determined that no hearing is necessary. After reviewing Defendant's Motion, Supplemental Motion and Declaration (Document Nos. 397, 406 and 407) and the Government's Objection, as well as performing independent research, I recommend that Defendant's Motion to Adjudge in Contempt be DENIED.

**Facts and Travel**

This is Defendant's second motion under Fed. R. Crim. P. 17(g) seeking to adjudge the Keeper of the Records for the Attleboro, Massachusetts Police Department, and certain individual officers of the Attleboro police, in contempt of the Court for their purported failure to respond to a subpoena duces tecum issued in this case in April 1999. Defendant's first motion to adjudge these individuals in contempt was filed in 2001, and summarily denied for Defendant's failure to present sufficient information in support of the motion. The present motion, filed in December 2004, and

433

supplemented in January 2005, contains the same factual underpinnings as the 2001 motion, but claims to offer more substantial evidence than was available in 2001. In both motions, Defendant asserts that the Attleboro police concealed and/or counterfeited documents in their response to the subpoena.

**Standard of Review**

Although Defendant's Motion does not specifically state whether he seeks an order of criminal or civil contempt, the Court need not reach that question, since Defendant has not set forth enough evidence to warrant any further proceedings on an action for civil contempt, a standard of proof less than the "beyond a reasonable doubt" standard required in a criminal contempt proceeding. See, e.g., U.S. v. Prof'l Air Traffic Controllers Org., 678 F.2d 1, 4 (1st Cir. 1982) (noting differences between civil and criminal contempt).

In order to establish civil contempt, the movant "must show by clear and convincing evidence that [the non-movant] violated a specific order of the court and failed to achieve substantial and diligent compliance with that order in a meaningful way." Sunbeam Corp. v. Black & Decker Inc., 151 F.R.D. 11, 15 (D.R.I. 1993) citing Langton v. Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991); see also AccuSoft Corp. v. Palo, 237 F.3d 31, 47 (1st Cir. 2001) (in a civil contempt proceeding, clear and convincing evidence required). "[A]ny ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991). Contempt power should not be used where there is uncertainty. Id. at 17. See also Sunbeam Corp., 151 F.R.D. at 15.

In the present case, the Court authorized the issuance of a subpoena in April 1999 to the Keeper of the Records of the Attleboro Police requiring him to produce certain documents. Although

Defendant does not contend that the Attleboro Police failed to respond to that subpoena, he does claim that their response was incomplete. After reviewing Defendant's motion, the Court is not satisfied that the "new" evidence or information submitted by Defendant warrants a contempt hearing. Defendant's submissions in support of his Motion are heavy on supposition and light on fact. Even if you assume for sake of argument that Defendant's confusing submissions create some ambiguity or uncertainty, these must be resolved in favor of the Attleboro Police Department under the applicable standard.

In addition to the Court's finding that the Defendant's submission to the Court does not warrant any further proceedings on a motion to adjudge in contempt, the Court has independent concerns that the Defendant's motion may be barred by the doctrine of laches. See e.g. City of Rockford v. Suski, 718 N.E.2d 269 (Ill. App. 1999) (applying doctrine of laches in context of a contempt proceeding). In other words, Defendant has unreasonably delayed in seeking contempt. Defendant's Motion relates to a subpoena issued nearly six years ago, and a similar Motion was previously denied by the District Court over four years ago.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Adjudge in Contempt (Document No. 397) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); Local Rule 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's

decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
April 5, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES :
:
:
v. : No. CR 99-024S
:
:
ARTHUR D'AMARIO :

MOTION TO ADJUDGE IN CONTEMPT

Pursuant to Rule 17(g), Defendant moves for entry of an order adjudging Lt. George Bussiere, Sgt. Kenneth Collins, and the Keeper of Records for Attleboro Police Department in contempt for their willful disobedience of a subpoena duces tecum authorized by this court and properly served upon them in April 1999. For support of this motion, Defendant relies on his attached memorandum and exhibits.

DEFENDANT, PRO SE,

Arthur D'Amario III 12-13-04
Arthur D'Amario, III

CERTIFICATION

I certify that on Dec. 13, 2004, I mailed copies of this Motion & Memorandum to: AUSA Adi Goldstein, 50 Kennedy Plaza, Providence, RI 02903; and John J. Cloherty III, Pierce, Davis & Perritano, LLP, 10 Winthrop Square, Boston, MA 02110-1257.

Arthur D'Amario III
defendant, pro se

397