UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No.: 1:99CR00024-01 |
| | ) | 1:03MC00056 |
| ARTHUR D'AMARIO, III | ) | |

DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS OBJECTION TO
ALLEGED SUPERVISED RELEASE VIOLATION

I. Background

On June 8, 2005, this Court held a revocation and sentencing hearing in the instant case concerning the Defendant's alleged violation of one of the conditions of his supervised release. Specifically, it was asserted that the Defendant had violated a special condition of his supervised release that required him to serve six months in a community corrections center. The Defendant had been ordered to report to Coolidge House in Boston, Massachusetts, on March 30, 2005 to comply with the foregoing special condition. On March 31, 2005, the Defendant was arrested in Arizona, where he was residing with his elderly parents. The Defendant has been detained since his arrest, a period of approximately 2 ½ months.

The special condition that the Defendant putatively violated was a modification to the original terms of the Defendant's supervised release. On November 9, 2004, the District Court held a hearing to address the terms and conditions of the Defendant's supervised release. The November 9th hearing was initiated by the District Court itself, not by either of the parties. On November 9, 2004, the Defendant had an appeal in the instant case pending in the United States Court of Appeals for the First Circuit. As such,

on November 9, 2004 the District Court lacked jurisdiction to enter the Order modifying the Defendant's conditions of supervised release. The foregoing jurisdictional issue has been prosecuted on appeal by the Defendant. Indeed, that issue was argued before the appellate court on June 8, 2005. However, as of the date of this Memorandum, the First Circuit has not issued its opinion.

II. Legal Argument

Inasmuch as the jurisdictional issue concerning the November 9, 2004 Order was presented and argued to the First Circuit, the Defendant incorporates by reference, as though fully set forth herein, the legal arguments he submitted on appeal. Copies of the relevant portions of the Defendant's Brief and Reply Brief are attached hereto and marked as Exhibits A and B respectively.

The principle upon which the Defendant's argument is premised was articulated by the Supreme Court more than 170 years ago. "Where a court has jurisdiction, it has a right to decide every question that occurs in the cause; and whether its decision be correct or otherwise, its judgment until reversed, is regarded as binding in every other court. But, if it act without authority, its judgment and orders are regarded as nullities. They are not voidable, but simply void ..." *Elliot v. Peirsol, 26 U.S. 328, 340 (1828).* The District Court's lack of jurisdiction renders the November 9, 2004 Order void, and thus a nullity. Nevertheless, the Defendant is not seeking a ruling from this Court that the November 9th Order was unenforceable because it was void. Rather, the Defendant contends that the appropriate remedy is to immediately order his release from incarceration and return the conditions of his supervised release to those that were in existence prior to November 9, 2005. The time since March 31, 2005 during which the

Defendant has been incarcerated cannot ever be returned to him. However, the defendant's continued incarceration pursuant to a void Order should be terminated promptly.

III. Conclusion

In consideration of the foregoing, the Defendant respectfully requests that the Court enter an Order declaring the November 9, 2005 Order void, order the immediate release of the Defendant, and return the conditions of the Defendant's supervised release to those in existence prior to November 9, 2005.

Respectfully submitted this 17th day of June, 2005.

Defendant, Arthur D'Amario,
By his Attorney,

Charles A. Tamuleviz, Bar No.: 6115
Tamuleviz, Hultquist & Bianchi, LLP
144 Westminster Street
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2005, a copy of the foregoing Memorandum of Law was hand-delivered to the following:

AUSA Adi Goldstein
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903