## ARGUMENT

### I. The Court Below Lacked Jurisdiction to Enter The Order Modifying Defendant's Conditions of Supervised Release

At the time the November 9, 2004 order was entered, Mr. D'Amario's appeal of the September 2003 judgment it sought to modify was pending in this Court, and remains pending today (Case No.03-2638; see also, 04-1205). In *United States v. Brooks*, 145 F.3d 446, 455,456 (1st Cir. 1998) this Court described as a judicial rule with "sturdy roots" the "accepted doctrine" that "as a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'". Applying that doctrine this Court held that a district court did not have jurisdiction to empanel a jury where the government had filed an interlocutory appeal from a pre-trial order excluding evidence. See also, *United States v. Distasio*, 820 F.2d 20, 22-23 (1st Cir. 1987) (district court lacked jurisdiction to reduce defendant's sentence after he had filed a notice of appeal); *United States v. Ransom*, 866 F.2d 574 (2nd Cir. 1989) (district court lacked jurisdiction to enter amended judgment removing term of supervised release, changing restitution order from condition of supervised release to absolute requirement, specifying when payment of restitution was to begin and omitting prohibition on certain activity by defendant; judgment



EXHIBIT A

had been amended after defendant had filed notice of appeal challenging lawfulness of sentence).

In *Brooks, supra*, 145 F.3d at 456-457, this Court recognized some limited exceptions to the divestiture of jurisdiction rule for situations where the exercise of district court jurisdiction "is not inconsistent with the prosecution of an appeal". It described those situations as including orders relating to procedures in aid of the appeal, actions in aid of execution of a judgment that has been appealed and not stayed, and the processing of peripheral or ancillary aspects of the case such as motions for attorneys fees. It noted that other situations, such as interlocutory appeals from evidentiary rulings, were *sui generis*.

Appellant submits that the November 9, 2004 order is not within the scope of those exceptions to the general rule of divestiture of jurisdiction. The 2004 order does not further the 2003 appeal. It does not aid execution of the 2003 judgment.[3] Nor does it address a peripheral or ancillary aspect of the case. Rather, it addresses the core of the case on appeal, the validity of the imposition of conditions of supervised release, and it works a substantive change in those

[3] The September 2003 judgment was not stayed. However, this is not a situation in which the court is seeking to enforce a condition of that unstayed judgment through a revocation proceeding based on an alleged violation of the conditions imposed in that judgment.

conditions. It should, therefore, be vacated as void.

18 U.S.C. §3583(e)(2), which allows modification of conditions of supervised release at any time prior to its expiration,[4] does not dictate a different result. The situation here is analogous to that in *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987). There, defendants had filed notices of appeal from their convictions and, subsequently, filed motions for reduction of sentence pursuant to F.R.Cr.P., Rule 35(b) which were acted on by the district court. They then appealed the adequacy of the reductions received. At that time, Rule 35(b) provided, in part, that "A motion to reduce a sentence may be made...within 120 days after the sentence is imposed....The court shall determine the motion within a reasonable time....". Notwithstanding the grant of authority in the rule, this Court concluded that it lacked jurisdiction to address the issues presented by the appeals from the reductions; the filing of the notices of appeal from the convictions had divested the district court of jurisdiction to amend the sentences originally imposed. As this Court stated: "...a docketed notice of appeal suspends the

---

[4] 18 U.S.C. §3583(e)(2) provides, in pertinent part, that a court 'may modify...conditions of supervised release, at any time prior to the expiration of termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision".

sentencing court's power to modify a defendant's sentence" (*id.*, at 23). Accordingly, the reductions were vacated and the cases were remanded for reconsideration of the Rule 35(b) motions.

Just as Rule 35(b) authorized the district court to act within a particular period of time subsequent to sentencing, so 18 U.S.C. §3583(e)(2) authorizes the district court to act during a particular period of time subsequent to sentencing. Just as the filing of a notice of appeal divested the district court of jurisdiction to amend the sentence, notwithstanding the authorization to act in Rule 35(b), so the filing of a notice of appeal challenging the imposition of conditions of supervised release divests the district court of jurisdiction to modify conditions of supervised release notwithstanding the statutory authorization to act.

This restriction does not enable a defendant to preclude changes in conditions of supervised release by the expedient filing of frivolous appeals. Should a court deem modification necessary during the pendency of an appeal it could seek a remand from the court of appeals to enable it to proceed, just as it could have done in order to rule on the motions filed under then Rule 35(b) while an appeal was pending or as it can now do to obtain jurisdiction to grant a motion for new trial in a case where an appeal is pending. See, e.g., F.R.Cr.P., Rule 33(b)(1).

Accordingly, the court lacked jurisdiction to modify the terms of the judgment on appeal and the condition of community confinement imposed in the 2004 order as a modification of that judgment should be vacated as void.

## II. The Condition of Community Confinement Was Not Justified Under the Facts and Circumstances of This Case

Appellant further maintains that, even if the district court had jurisdiction to modify conditions of supervised release, required participation in a community confinement program was not a permissible condition of supervised release under the statute or the facts and circumstances present here. Mr. D'Amario objected to the imposition of the condition. This Court reviews the imposition of conditions of supervised release for abuse of discretion. *United States v. York*, 357 F.3d 14, 19 (1st Cir. 2004).

### A. Community Confinement is Not an Authorized Condition of Supervised Release Pursuant to 18 U.S.C. §3583(d)

18 U.S.C. §3583(d) sets forth required and permissive conditions of supervised release[5]. It includes specified discretionary conditions of probation as

---

[5] It provides, in part, that: "The court may order, as a further condition of supervised release, to the extent that such condition - (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)( C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)( C), and (a)(2)(D); and (3) is consistent with the pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a); any condition set forth as a

permissive conditions. Aside from a condition concerning deportation applicable to aliens ((b)(21)), the only discretionary condition of probation not included in the list of conditions available for supervised release is condition (b)(11) which provides for residence at, or participation in the program of, a community corrections facility for all or part of the term of probation.

In *United States v. Mills*, 186 F.Supp.2d 965 (E.D.Wis.2002) and *United States v. Barrett*, 198 F.Supp.2d 1046 (S.D.Iowa 2002) the courts held that this statutory language did not authorize imposing community confinement as a condition of supervised release. In *United States v. Bahe*, 201 F.3d 1124 (9th Cir. 2000) the court held to the contrary, concluding that the omission of community confinement was an inadvertent oversight arising from a 1996 statute removing a condition of probation and renumbering remaining provisions (including the provision relating to community confinement) in the probation statute but failing to carry over that change to the supervised release statute[6] However, as the courts stated in *Barrett*, *supra*, 198 F.Supp.2d at 1048-1049 and *Mills*, *supra*, 186 F.Supp.2d at 968-970 in rejecting *Bahe*, *supra*, the statutory language is not

---

discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate."

[6] Half way house residency, which had previously been (b)(12) became (b)(11) in the probation statute.

ambiguous and, if it were, the rule of lenity would require construing it in favor of the defendant. Moreover, legislation introduced in Congress subsequent to the numbering change that would have modified the supervised release statute to refer to the probation provision for community correction facility residence as a condition of supervised release was not enacted, although introduced in 2001.

Nor do the United States Sentencing Guidelines list residence in a community confinement facility as a mandatory condition of supervised release or as a "standard" recommended condition. See, U.S.S.G. §5D1.3(a) and ( c). While it is listed in subsection (e) as one of a number of special conditions that might be appropriate in certain cases, a note to that subsection also recognizes its omission from the list of discretionary conditions of probation set out as authorized in the supervised release statute but concludes that "there is some question as to whether Congress intended this result."[7]

Accordingly, applying either a literal construction of the statute or resolving ambiguity in favor of the defendant in accordance with the rule of lenity, community confinement is not a permissible condition of supervised release.

---

[7] Appellant suggests that its applicability as a guidelines policy is questionable given its own recognition of the lack of statutory authority. In any event, a guidelines policy statement cannot trump a statute.