## REPLY BRIEF

## ARGUMENT

### I. The District Court Lacked Jurisdiction to Modify Conditions of Supervised Release to Impose a Condition of Community Confinement (Reply to G.B., pp.11-18)[1]

The government argues that because 18 U.S.C. §3583(e) provides for modification of conditions of supervised release "At any time prior to the expiration or termination of the term of supervised release", the district court was free to ignore the pendency of an appeal from conditions of supervised release in this Court. D'Amario submits that this interpretation fails to give adequate consideration to the jurisdictional significance of the appeal and should be rejected. Rather, the purpose of the time frame phrase in 18 U.S.C. §3583(e)(2) should be viewed, like the phrase "at any time after the expiration of one year of supervised release" in 18 U.S.C. §3583(e)(1) as defining the general time parameters in which action (modification of conditions or termination) can be taken *absent other constraints*, such as the pendency of an appeal.

That, absent the pendency of an appeal, the district court would have jurisdiction to modify conditions of supervised release does not mean that it retains that jurisdiction after the filing of a notice of appeal. For example, in

[1] "G.B." refers to the brief of the United States.

EXHIBIT B

*United States v. Christy*, 3 F.3d 765 (4th Cir. 1993), defendant timely filed a motion for reconsideration of the denial of his motion for a new trial at the same time he filed a notice of appeal from the denial of that motion. Even though the motion for reconsideration was timely filed and, absent a notice of appeal, could have been resolved by the district court, the court of appeals held that the notice of appeal had divested the district court of jurisdiction to rule on the motion for reconsideration. The court also noted that the defendant could have sought remand to the district court under FRAP 27 for consideration of the motion for reconsideration. See also, *United States v. Camacho*, 302 F.3d 35 (2nd Cir. 2002) (district court may entertain and deny motion for reconsideration of granting of new trial while order is on appeal; if district court indicates desire to reopen proceedings, movant can seek remand from court of appeals); *Fobian v. Storage Technology Corp.*, 164 F.3d 888 (4th Cir. 1999) (district court may entertain and deny motions for relief from judgment pursuant to F.R.Civ.P. 60(b) filed during the pendency of an appeal; if district court indicated intent to grant motion, movant could request a limited remand from the court of appeals for that purpose).

The divestiture of district court jurisdiction imposed by the pendency of an appeal is not lightly disregarded. In *United States v. DeFries*, 129 F.3d 1293 (D.C.Cir. 1997) the government took an interlocutory appeal from the district

court's dismissal of a mail fraud count of a multi count indictment. The Court of Appeals reversed the district court and reinstated the count, but did not issue the mandate before the district court empaneled and swore the jury and began trial on all counts, including the reversed mail fraud count. On subsequent appeal, the court held that the district court lacked jurisdiction at the time to proceed on the previously appealed mail fraud count. Notwithstanding its recognition of the time and effort involved in the trial, and the fact that it ultimately sustained the district court's jurisdiction, the court of appeals declined to create an additional exception to the divestiture rule based on the issuance of the appellate opinion. "Because 'jurisdiction is the power to act,' it is essential that well-defined, predictable rules identify which court has that power at any given time." (*id.*, at 1303). The notice of appeal/mandate rule provided that identification; the district court lacked jurisdiction; the conviction was reversed.

In *Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995) the court of appeals issued an order remanding a 28 U.S.C. §2255 petition for an evidentiary hearing. The district court held the hearing and denied the petition prior to issuance of the mandate. The court of appeals vacated that denial, holding that the district court lacked jurisdiction since the mandate had not issued. In so doing, it rejected the government's request "to cast aside technicalities such as the allocation of

jurisdiction among tribunals" (*id.*, at 194); noted the general principle that "a district judge disposed to alter the judgment from which an appeal has been taken must alert the court of appeals which may elect to remand the case for that purpose. The district court may not alter the judgment unless the court of appeals grants leave" (*id.*, at 195); and reiterated: "the initial issue is one of power to act, which cannot be asserted just because a particular substantive decision would be wise." (*id.*). See also, *United States v. Turchen*, 187 F.3d 735 (7th Cir. 1999) (district court lacked jurisdiction to grant a government motion for reduction of sentence while defendant's appeal of his sentence was pending in the court of appeals, rendering the order granting relief a nullity; case remanded "for the limited purpose of permitting the district court to issue a new order to effect the change in sentence that the court [previously] attempted to accomplish." (*id.*, at 743)); *Ching v. United States*, 298 F.3d 174, 180 n.6 (2nd Cir. 2002) (in course of holding that petition filed pursuant to 28 U.S.C. §2241 before final appellate adjudication of motion filed pursuant to 28 U.S.C. §2255 should have been construed as a motion to amend the §2255 petition, court of appeals noted that filing of notice of appeal from denial of §2255 motion had divested district court of jurisdiction and that district court would not have had jurisdiction to rule on a motion to amend while appeal was pending).

Recognizing the limitations imposed on the district court by the pendency of an appeal does not, as the government asserts, deprive the district court of jurisdiction "to police a defendant's supervised release" or "create a power vacuum and, potentially a period of lawlessness" (G.B., at 12). Unless the conditions of supervised release have been stayed pending appeal, a defendant remains subject to them and can be sanctioned for violations of conditions imposed prior to appeal in accordance with the procedures and protection of F.R.Cr.P. 32.1. Such proceedings would be "in aid of execution of a judgment that has been appealed but not stayed" – proceedings which as this Court recognized in *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995) are an exception to the general rule that "entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal" (*id.*).[2] Accordingly, a defendant on supervised release would not be left to run amok

---

[2] D'Amario suggests that *United States v. Vanhorn*, 296 F.3d 713 (8th Cir. 2002), which, like *Hurley*, *supra*, deals with a restitution order falls within that category of limited exceptions to the divestiture rule. See also, *United States v. Brooks*, 145 F.3d 446 (1st Cir. 1998) discussing limited exceptions. *United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (G.B.,p.13), addressing procedures for release pending appeal and noting that initial determination is made in district court notwithstanding notice of appeal, is similarly inapposite . Like the restitution orders noted above, and unlike the modification of conditions of supervised release at issue here, the question of bail is sufficiently distinct from the issues raised on appeal to constitute an exception to the general rule of divestiture of jurisdiction.

while his appeal was pending. The district court remains able to enforce compliance with any conditions imposed prior to appeal and not stayed by either the district court or court of appeals. The only limitation is that the district court may not modify those conditions without obtaining a remand from the court of appeals prior to doing so.[3] Since, with limited exceptions, a defendant would be entitled to a hearing and representation by counsel prior to a modification, which presumably incorporates a requirement of adequate notice and time to obtain prepared counsel (see, F.R.Cr.P. 32.1), any time required to obtain a remand should not add an undue delay.

*United States v. Phelps*, 283 F.3d 1176 (9th Cir. 2002) (G.B., p.13) is an unwarranted expansion of the scope of exceptions to the general rule and should not be adopted here. Relying on *Natural Res. Defense Council v. Southwest Marine*, 242 F.3d 1163 (9th Cir. 2001) the court in *Phelps* concluded that the district court retained jurisdiction to modify conditions imposed upon release of an individual found not guilty by reason of insanity and released pursuant to 18

---

[3] The government's concern for the impact on a defendant's wish to seek modification can also be addressed through a motion for remand from the court of appeals should the district court indicate a desire to grant the defendant's request, as is the procedure in connection with a motion for new trial filed during the pendency of an appeal. See, F.R.Cr.P. 33. Should such a remand result in the defendant's decision to abandon his/her appeal, he/she could then move for dismissal.

U.S.C. §4243(f) during the pendency of an appeal from the initial release. *Natural Res. Defense Council*, *supra*, however discussed district court retention of jurisdiction to preserve the status quo, not "'to adjudicate anew the merits of the case.'" (*id.*, 242 F.3d at 1166). The course followed in *Phelps*, like the course urged by the government in this case, is not maintenance of the status quo, but adjudication anew. It should be rejected.

Accordingly, D'Amario maintains that the district court lacked jurisdiction to modify his conditions of supervised release by imposing a condition of community confinement and that that condition should be vacated.

**II. Community Confinement Was Not Justified as a Condition of Supervised Release Under the Facts and Circumstances of this Case (Reply to G.B., pp.27-32)**

Confinement in a half-way house was first broached by defense counsel "off the top of [his] head" with the specific and repeated caveat that he did not know whether that was acceptable to D'Amario (Tr.11-9: 33). As D'Amario's responses made clear, that alternative was not acceptable. His objections focused on the idea that it was a form of custody that was inappropriately restrictive to his situation (*id.*, at 44). He proposed temporary residence in Arizona with an explicit condition of a status review at a defined time to address his return to Rhode Island (*id.*, at 48)