**UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Appellee, | ) | |
| v. | ) | No. 04-2566 |
| ARTHUR D'AMARIO,<br>Defendant-Appellant. | ) | |

**APPELLEE-UNITED STATES' EMERGENCY MOTION FOR EXPEDITED DECISION**

At yesterday's oral argument, this Court asked the government to report the outcome of the supervised release revocation proceeding held before Chief Judge Young that same morning. Judge Young provisionally: (1) revoked supervised release; (2) sentenced D'Amario to a year in prison; and (3) imposed a new 13-month term of supervised release which includes as a special condition four months of community confinement at the Coolidge Halfway House. Judge Young said that the ruling is provisional because he himself will decide the question of whether Judge Smith earlier had jurisdiction to modify the conditions of release despite the pending appeals. The government informed Judge Young that this precise issue is before this Court. Judge Young said he was aware of that and that if this Court issued a decision on that point he would follow the decision and not reconsider the issue himself.

The government has spent a considerable amount of time on this and other D'Amario cases. Two of the issues presented in this appeal -- the jurisdictional issue and the question whether the

supervised release statute authorizes community confinement -- are important and may well recur in future cases. The government therefore requests that the Court issue a published opinion on those issues.

However, in view of Judge Young's stated intent to address the jurisdictional issue unless this Court does so first, and the havoc that this could cause if Judge Young determines that Judge Smith earlier lacked jurisdiction, the government also requests that this Court issue a brief ruling on that issue within a week, along with a statement that its ruling will be followed by a published decision that more fully explains why it has reached that result. Judge Young has ordered the government to brief the jurisdictional issue by Friday, June 17, and he has said that he will issue a ruling shortly after that. That is why the government seeks expedited treatment of the present motion.

Lack of decisive action on this matter will only send a message that D'Amario may continue to tie the federal judiciary up in knots. He needs to be stopped.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

DONALD C. LOCKHART
Bar No. 62470
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this, the 9th day of June, 2005, I mailed and faxed a true copy of this filing to:

Judith Mizner, Esq.
Federal Defender Office
408 Atlantic Ave, 3rd Floor
Boston, MA 02210