UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

DEFENDANT'S DECLARATION SUPPORTING HIS MOTION FOR LEAVE TO FILE OUT-OF-TIME OBJECTIONS TO PRESENTENCE REPORT

I, Arthur D'Amario III, declare that:

1. On April 24, 2002, I attacked my disorderly conduct sentence that had been imposed Oct. 8, 1996, in RI Superior Court on a postconviction petition argued by Prof. Andrew Horwitz. Judge Edwin Gale granted my petition and reduced the sentence from 12 months probation to 6.

2. On Sept. 1, 1998, I was arrested on both Attleboro misdemeanor complaints, and arraigned on both on Nov. 5, 1998. They were consolidated for sentencing on Dec. 11, 1998, by Judge Phillips, and are "related."

3. In either December 1998 or January 1999, and in a timely manner pursuant to MRAP 3 and MRAP 4, I filed Notices of Appeal in Attleboro District Court from the Dec. 11, 1998, convictions, and from the denial of a postconviction Rule 29 motion. Sometime in spring 1999, when my Rule 30 postconviction motion was denied, I timely appealed it. All notices of appeal are noted on the dockets. By April 1999, I had had all hearings transcribed and been authorized to appeal in forma pauperis with all costs and fees waived.

4. None of my appeals has ever been docketed in the Massachusetts Appeals Court. My motion for an order to transmit the cases up for review was denied, without explanation. About a dozen letters I've written to the clerks of the District Court, Appeals Court and Supreme Judicial Court have gone unanswered.

5. I've attempted several times since 1999 to file mandamus petitions in SJC under c. 211, § 3, seeking to compel District Court clerks to act on my Notices of Appeal. The most recent petitions were submitted in August 2004 and July 2005. The SJC will not docket any of my petitions, and won't explain why. In early 2005, I left phone messages for SJC's pro se clerk. He did not respond to my questions.

6. At my last personal appearance in Attleboro, on Feb. 4, 1999, Judge Joseph I. Macy tried to appoint counsel to assist me. The lawyer (whose name I cannot recall), asked for a continuance of a probation review, but then disappeared, only saying he was "too busy to help" me. I've had no attorney in Massachusetts since the plea on Dec. 11, 1998.

7. Since 1999, I've filed numerous motions for appointed counsel in District Court and SJC. All have been either denied or ignored.

8. In April 1999 the Center For Public Counsel Services (CPCS) told me it would review the record. They sent me a letter in May '99 saying they weren't interested in taking it.

9. In 2003, Prof. Andrew Horwitz contacted CPCS again and asked them to help me get my direct appeals docketed. CPCS mailed me a letter intended as a sick joke. The letter said Massachusetts had jurisdiction over me because Debra Sellers had alleged harassing phone calls from RI into Attleboro. The CPCS attorney was aware when he wrote that (1) I never made any phone calls; (2) the burden is on the state prove it; and (3) Debra Sellers is on record under oath on Feb. 4, 1999, recanting her allegations and testifying that I was the victim of a prosecution witch hunt.

10. It has become clear to me and to Prof. Horwitz that I've been blackballed throughout the Massachusetts state court system and that no lawyer will even talk to me.

11. Matthew Sellers has told my family that Debra's family has "powerful friends" in the government including judges and that they were going to "take care of" me as she'd directed. The Attleboro civil and criminal cases were a fix involving corrupt judges like Judge Phillips and DA Paul F. Walsh, Jr.

12. I am the only litigant and criminal defendant being denied the statutory right of direct appeal in Massachusetts.

13. Everyone knows the anonymous greeting cards never existed and that police and marauding judges just made the whole thing up, then threatened my lawyers into laying down. Debra Sellers' parents threw money around to set this up and had previously done it to a prior boyfriend from Miami.

I declare under penalty of perjury that the foregoing is true.

Executed on: Sept. 19, 2005.

Arthur D'Amario, III

CERTIFICATION

I certify that on Sept. 19, 2005, I mailed a copy to AUSA Adi Goldstein, 50 Kennedy Plaza, Providence, RI 02903.