UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

DEFENDANT'S SUPPLEMENTAL MEMORANDUM SUPPORTING
MOTION FOR LEAVE TO FILE OUT-OF-TIME
OBJECTIONS TO PRESENTENCE REPORT

Defendant has moved under Rule 32(b)(2) to submit supplemental out-of-time objections to his PSIR, because (a) his 1996 disorderly conduct sentence was invalidated by RI Superior Court; (b) his 1998 Attleboro misdemeanors were "related" and count as one point, not two; and (c) a structural defect in the Massachusetts courts [bias] has denied Defendant his constitutional right to appellate counsel, his state law right to postconviction counsel and hearing, and his statutory right to direct appeal, thereby entitling him to federal intervention as in Turner v. Bagley, 401 F.3d 718, 726 (6th Cir. 2005) (failure of state appeals court to assign counsel and hear appeal over eight years necessitated unconditional grant of § 2254 writ).

Attached is a copy of a Third Circuit opinion proving that Defendant's disorderly conduct sentence was reduced and no longer counts as a criminal history point (350 F.3d at 354).

The First Circuit has recently affirmed the grant of a § 2255 motion to reduce a federal sentence because the defendant's state conviction was vacated. This meant that the criminal history points stemming from the invalid conviction and probation sentence had to be struck pursuant to § 4A1.2(j) and cmt. n. 6. Mateo v. U.S., 398 F.3d 126, 133 (1st Cir. 2005) (defendant was wrongly considered subject to a criminal justice sentence during federal sentencing). "Vacation of the state conviction was an event which, under the Guidelines, called for the reduction[.]" Id.

The Mateo petitioner still had the opportunity to file his initial

§ 2255 motion to cure the PSIR defect. In the instant matter, Defendant maintains that he has one year to petition from the moment he realizes the Supreme Judicial Court in Boston will not docket or entertain any pleading he files challenging the Attleboro judgments. Therefore, if § 2255, rather than Rule 32(b)(2), is the appropriate procedure, this would be a new claim based on changed facts not requiring leave from the Circuit under 28 U.S.C. § 2244. The court can also construe the motion as a § 2241 habeas if Rule 32(b) and § 2255 are inadequate and unavailable. Chambers v. U.S., 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to.").

Defendant challenged his PSIR's tabulation of points in his initial § 2255 motion, No. 01-0097, but got no hearing. And, that was prior to his postconviction success in Superior Court, and before it became clear and indisputable that Massachusetts court will not allow appellate review. The instant motion can be viewed as a motion pursuant to Rule 60(b) and Rule 15(c) that relates back to No. 01-0097 with supplemental facts. Furthermore, No. 01-0097 sought departure under § 4A1.3 for these very reasons: inflated criminal history points that weren't remediable in state tribunals to which Defendant didn't even have access. § 4A1.3 was amended in 2003 and the new version's commentary is sympathetic to older prisoners. All Defendant needs to do is expunge one point arising from a tainted conviction in a court not even having jurisdiction over him, and for conduct that is legal (writing to a court clerk about a no-contact order plaintiff to complain that she was receiving favorable treatment).

All federal sentences must be reduced for the reasons presented.

DEFENDANT, PRO SE,
[signature] 9-23-05
Arthur D'Amario, III

CERTIFICATION

I certify that on Sept. 23, 2005, I mailed a copy to AUSA Adi Goldstein at 50 Kennedy Plaza, Prov., RI 02903.

[signature]
defendant, pro se

run concurrently but that these expectations were not realized because neither the state judge nor D'Amario's attorney had understood that, if he was given credit against his state sentence for the time that he had already spent in custody, 18 U.S.C. § 3585(b) would not permit that time to be credited against his federal sentence.

Fifth, the Court implied that D'Amario's frustration over this situation, while not a justification for his letter, was nevertheless a factor to consider. App. at 597–98. In sum, the Court stated that "the situation of a prisoner who writes this kind of off-the-wall letter, threatening crazy letter, in the situation where he's being held in jail and on the face of the two judges who said he should be set free, is the basis for a downward departure." *Id.* at 592–598. Both D'Amario and the government appealed from the final judgment in the criminal case.

In the meantime, however, a development in state court in Rhode Island affected the calculation of D'Amario's sentence. D'Amario requested, and the Rhode Island state court granted, a six-month reduction of his probationary sentence on an unrelated 1996 Rhode Island conviction. This relief had the effect of decreasing D'Amario's Criminal History Category from V to IV. *See* U.S.S.G. § 4A1.2(c)(1). Citing the sentence reduction granted by the Rhode Island state court, D'Amario filed a motion under 28 U.S.C. § 2255 seeking that his 18 U.S.C. § 115(a)(B) conviction be vacated, but the New Jersey District Court Judge denied that motion, and D'Amario appealed.

While the appeals from the judgment in the criminal case and the denial of the Section 2255 motion were pending in our Court, the parties filed a joint motion for a

rior Court transcript when it denied D'Amario's habeas petition. App. at 701.

limited remand in the Section 2255 appeal, and we granted the motion so that the District Court could correct an "uncontested claim of error." App. 689. The District Court then reduced D'Amario's Criminal History Category from V to IV, and the Court again granted a three-level downward departure. The Court re-sentenced D'Amario to a 21–month term of imprisonment, a sentence at the bottom of the applicable range of 21 to 27 months. App. at 737. During the new sentencing hearing, the District Court again attempted to explain its three-level downward departure. The Court stated that, by virtue of the departure, D'Amario

> ha[d] gotten almost all he would have gotten had the habeas corpus been granted in the first instance. Now, I confess–you know, it's hard to put Humpty–Dumpty back together again. I think Mr. D'Amario–if he [was] let out in June [of 2000], this crime never would have happened, he never would have had to write the letter. You can't–you can't kind of view it in the abstract. It's not like he went out, robbed a bank, something totally unrelated to what was going on here.
>
> But be that as it may, at least in terms of credits, he has gotten the credit, or almost all of the credit.... So, he's come–he hasn't gotten it all, he's come very, very close to getting most of it.

*Id.* at 704. The government then took this appeal.

## II.

**[1–5]** The standards for sentencing departures are familiar. The Sentencing Reform Act, 18 U.S.C. § 3353(b), requires a judge to impose a sentence within the pertinent guideline range unless the judge "finds that there exists an aggravating or mitigating circumstance of a kind, or to a

degree, not adequately taken in
eration by the Sentencing Com
formulating the guidelines that
sult in a sentence different fror
scribed." In *Koon v. United S*
U.S. 81, 93–96, 116 S.Ct. 2035, 1
392 (1996), the Supreme Court
that factors relevant to departu
vided into four categories: proh
couraged, unmentioned, and e
Unless a factor is categorically
Koon held, a sentencing court n
mine whether the particular ca
falls outside the "heartland" of
ered by the relevant guideline
Court wrote:

> If the special factor is a for
> tor, the sentencing court can
> a basis for departure. If
> factor is an encouraged facto
> is authorized to depart if the
> Guideline does not already
> account. If the special fact
> couraged factor, or an encou
> already taken into account b
> cable Guideline, the court sh
> only if the factor is present
> tional degree or in some
> makes the case different fr
> nary case where the factor
> If a factor is unmentioned i
> lines, the court must, after
> the "structure and theory
> vant individual guidelines ar
> lines taken as a whole,"
> whether it is sufficient to t
> out of the Guideline's hea
> court must bear in mind
> sion's expectation that depa
> on grounds not mentioned
> lines will be "highly infre
> U.S.S.G. ch. 1, pt. A, p. 6.

518 U.S. at 95–96, 116 S.Ct.
omitted)

**[6]** We have interpreted
ing for a four-step inquiry: