Oct. 24, 2005

Hon. William G. Young
U.S. District Court
Boston, MA 02210

re: USA v. D'AMARIO, No. CR 99-024 (D.R.I.)

Judge Young:

On Oct. 14 the Psychology Dept. here advised my unit team to begin preparing me for a referral to a halfway house in the last 10% of my sentence. § 3624(c). A week ago, I met with my caseworker, who, based on my current sentence computation, intends to send me to ccc in February.

I explained to Miss Davis that I'm still trying to correct my sentence from 12 months to 12 months plus one day, so that I'd qualify under § 3624(b) for 47 days good-conduct-time credit. (I have no disciplinary reports.) She said that because gct would advance my ccc release date to early January, she'd need to know soon whether I'm going to be awarded gct credit.

A few weeks ago I wrote the court and speculated that the court on June 8 was unaware that my sentence needed an extra day for me to be eligible like every other model prisoner for gct. Such unawareness could constitute an "oversight or omission" for Rule 36 purposes.

Perhaps the court is reluctant to expedite my discharge because of the way the Probation Office cruelly libeled and demonized me at both s.r. revocation hearings (neither probation officer being a licensed physician nor ever having met or spoken to me). I therefore enclosed the Oct. 7 Progress Note of Dr. Carter, which appears to say:

> "Presently note patient alert, oriented. Reviewed options he thinks about his release in March 2006. No psychotic or delusional ideation. No need for medication."

It looks like I was right all along: Dr. Olnes of FMC Rochester maliciously falsified my medical records per order of U.S. Marshals in 2000-01. That's the only reason I'm institutionalized 5½ years beyond my actual release date.

I again request Rule 36 correction of my sentence to 366 days. If I'm being singled out and denied gct because I'm unpopular or because judges don't like me or fear me, then that must be stated on record so I can pursue other remedies residing under § 2255 and 28 U.S.C. § 455.

DEFENDANT, PRO SE,
[signature]
Arthur D'Amario, III
USMCFFP - Springfield

cc:
AUSA Adi Goldstein
50 Kennedy Plaza
Prov., RI 02903

Oct. 24, 2005

October 28, 2005,
Treated as a motion to revise and revoke sentence pursuant to Rule 35, motion denied as untimely.
William G. Young
Chief Judge