UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

MOTION FOR A NEW TRIAL

Pursuant to Rule 33(b)(1), Defendant moves for a new trial of his 2003 and 2005 supervised release revocation hearings, based on newly discovered evidence that the trial judges were conflicted and biased, and that CUSPO Barry J. Weiner had ex parte conferences with the court during which he made false and defamatory statements concerning Defendant never disclosed to defense counsel. Defendant requests that his motion be assigned to a judge from outside the circuit.

Defendant refers the court to his attached memorandum.

DEFENDANT, PRO SE,

10-31-05

Arthur D'Amario 02989-070
U.S. Medical Center
PO Box 4000
Springfield, MO 65801-4000

CERTIFICATION

I certify that on Oct. 31, 2005, I mailed copies of this Motion & Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.

defendant, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

MEMORANDUM SUPPORTING A
MOTION FOR A NEW TRIAL

Dissatisfied with the way he's been abused by the judges since his April 29, 2003, "release," Defendant now produces the smoking gun requiring Circuit recusal and a new trial of his two phony s.r. revocation hearings of Sept. 30, 2003 (Judge Smith) and June 8, 2005 (Judge Young).

The new evidence was provided to Defendant on Oct. 28, 2005, by the U.S. Attorney in Portland, ME, who filed the document in a civil suit and effectuated Rule 5 service. It is the attached April 30, 2003, libelous and falsified "Memorandum" of CUSPO Weiner, secretly circulated ex parte to every judge of this court including Judge Smith. The Memo was consciously concealed by Weiner from Defendant's attorneys Ken O'Donnell, Lori M. Koch and Charles Tamuleviz, nor was it disclosed in a FOIA parcel provided to Defendant in 2004 by Main Justice. 5 U.S.C. § 552(a).

Judge Smith - and certainly Judge Young in 2005 - had access to the Memo and formed a hostile opinion of Defendant before he ever appeared in their biased courts. Not surprisingly, they administered the harshest Grade C s.r. revocation terms every imposed (and for non-criminal conduct).*

Nor did the trial judges follow prescribed procedure. Rule 32.1(b)(2)(C)

*Defendant has researched each and every reported s.r. revocation proceeding published from 1996-2005 in Federal Supplement, Federal Reporter and Federal Appendix. There is no other case in which a first-time Grade C violator got the maximum punishment. There is no other case in which s.r. was reimposed after a second maximum punishment. And every other s.r. violator with a 12-month term was given 12 months plus one day, to qualify for good-conduct credit. § 3624(b).

provided Defendant a mythical "right" to present evidence at the final hearing. He stood up and denied the government's misrepresentation that he had not complied with Judge Irenas' April 30 order to list his reasons to Probation for returning to Rhode Island. He cited the rule and asked the court to compel Weiner to produce the document. Judge Smith played dumb and said Rule 32.1(b)(2)(C) offers no right to present evidence.

On Nov. 20, 2003, USPO Tom Galindo of Tucson, AZ, told Defendant's mother that he had received Defendant's written letter pursuant to Judge Irenas's order in May 2003 and remailed it to Weiner. That means Weiner is a liar who may have obstructed justice by destroying the letter. This conflicted and biased court doesn't want to know any facts.

In his April 30, 2003, Memorandum, CUSPO Weiner deliberately lied to the judges, trying to describe Defendant as the Unabomber, and he also grossly misrepresented the hearing of that day before Judge Irenas.

There was a conspiracy to trick Defendant into an Arizona "halfway house" plan. The conspirators were Ed Roy, his best friend, Weiner, Brian Henry of FCI McKean, and the judges of this court. There was a Rhode Island release plan signed by Defendant for Henry on Aug. 20, 2003, which is missing.

During the teleconference, Judge Irenas denied Defendant's motion to transfer supervision to Rhode Island without prejudice as premature. Weiner insisted that Probation first consider the matter, so the judge ordered Defendant to submit his written reasons for transfer. That's the list mailed to USPO Galindo by Defendant on May 1, 2003, which Weiner is hiding.

Later, on June 4, 2003, Judge Irenas verbally blasted USPO Alfrey for tricking Defendant into the Arizona release plan. It is unlikely that the Probation Dept. sent the judges an ex parte memo about that hearing.

Defendant has not written any threatening letters. That's another lie.

It is also newly discovered that Judge Smith works for the Attleboro Police Dept. His law partner in 1998-99 at Edwards & Angell was Todd M. Reed. On Aug. 7, 1998, Reed entered his appearance in D'Amario v. DuFort, C.A. No. 98-cv-11331-MEL (D.Mass.) for Lt. Bussiere and Sgt. Collins - the same two cops who typed the anonymous crank letters to Debra Sellers at issue in the case presided over by Judge Smith. His participation in this case

was precluded by the mandatory recusal provisions of 28 U.S.C. § 455(b)(2). Rhode Island judges generally disavow ethical rules, but the statute leaves no room for discretion.

It is now clear that Judge Young did not make a mistake in sentencing Defendant on June 8, 2005, to 12 months instead of the customary 12 months plus 1 day. Judge Young wanted Defendant to serve more time than prisoners with longer sentences who are gct eligible. Judge Young was vindictive.

Last year, Judge Torres sentenced Jim Taricani to 4 months home detention for disobeying a criminal court order. Judge Young hit Defendant with a year, even though the order in question (a) was entered in the absence of jurisdiction; (b) by a corrupt and dishonest judge (Smith); and (c) First Circuit law allowed for noncompliance pending appellate review of the order. When the Attorney General asked for a 12-month sentence, Judge Young tacked on a harassing order for 4 months in ccc following prison - escalating the sentence to 16 months and beyond the GSR of 6-12 months. Defendant's prosecutor has always been the judges, who colluded with police to frame him with anonymous crank letters for being an unpopular person.

The courts' unnatural fear of and hostility toward Defendant, whipped into a frenzy by Weiner's ex parte smear tactics, requires Circuit recusal as in In re Nettles, 394 F.3d 1001 (7th Cir. 2005) (all judges within Seventh Circuit required to recuse where defendant charged with conspiring to blow them up with a truck bomb).

This court thought in 1999-2000 that it could subject Defendant to malpractice by Ed Roy for an eternity. The court was outsmarted and appears to be a sore loser. Roy is gone and won't be back. He was exposed as an agent of the Sellers' RI State Police acquaintances.

These proceedings were orchestrated charades by thugs in black robes who encouraged Weiner to inflate Defendant's incarceration by 3 years for not committing a crime. All judges hearing this case, beginning with Magistrate Martin on March 5, 1999, were biased and dishonest, and the remedy is vacatur and retrial.

DEFENDANT, PRO SE,

Arthur D'Amario, III

cc:
AUSA Adi Goldstein