UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

DEFENDANT'S SUPPLEMENTAL MEMORANDUM SUPPORTING
HIS MOTION FOR A NEW TRIAL

Dissatisfied with the quality of justice he has been receiving and with the nefarious back-door antics of CUSPO Weiner, Defendant has moved for a new trial under Rule 33 of his 2003 and 2005 revocation lynchings. The primary evidence supporting his motion is the April 29, 2003, ex parte Memorandum secretly circulated to all the judges by Weiner and misrepresenting material facts. The two-page document was not disclosed to Defendant nor to defense counsel W. Kenneth O'Donnell or to Mr. Tamuleviz.

An alleged violator is entitled to disclosure of the evidence against him in support of the charges. Rule 32.1(b)(2)(B); U.S. v. Aspinall, 389 F.3d 332, 348 (2d Cir. 2004).

There was no due process violation stemming from a probation officer's ex parte communication with a judge prior to a revocation. The officer informed the court that defendant may be abusing her son. The judge promptly brought this information to defendant's attention at the start of the revocation hearing and did not consider it in its assessment of the probation revocation petition. Aspinall, 389 F.3d at 349.

The situation here is entirely different. Weiner presented a biased, skewed version of hotly contested and material facts to judges soon to preside over a s.r. revocation. The defense never knew of it and could not have challenged the Memorandum. Meanwhile, Weiner was destroying (or hiding) Defendant's May 1, 2003, letter to USPO Tom Galindo pursuant to

Judge Irenas's April 29 order. Weiner lied in court on June 17 that Defendant never wrote the letter or complied with the order. Shockingly, the court believed Weiner and mislabeled Defendant a "liar."

Sentences were vacated where the judge engaged in ex parte conversations with a third party as to sentencing standards in a foreign jurisdiction, and defendant had no opportunity to determine whether those standards applied to him or whether they existed at all. U.S. v. Louis, 814 F.2d 852, 857-58 (2d Cir. 1987). Sentencing based on assumptions concerning criminality which are materially untrue is illegal. Townsend v. Burke, 334 U.S. 736, 741 (1948). The truthfulness of Weiner's ex parte Memorandum, and whether Defendant's May 1, 2003, letter is being suppressed, are factors in dispute for which § 6A1.3 requires a hearing. U.S. v. Byfield, 391 F.3d 277, 279 (D.C. Cir. 2004).

Another new fact is Judge Young's Oct. 28 denial of Defendant's unopposed Rule 36 motion to correct his sentence from 365 days to 366, so he may qualify for good-conduct time. Judge Young changed the motion from Rule 36 to an "untimely" Rule 35(a) motion. Defendant's motion cited U.S. v. Claudio, 44 F.3d 10, 17 (1st Cir. 1995) (Rule 36 applies to correct error in jail credit calculation by court). Obviously, there was no "omission or oversight" but only insidious bias. Defendant is denied gct only because he is an unpopular model prisoner.

Hearing is required by § 6A1.3.

DEFENDANT, PRO SE,

[signature] 11-7-05

Arthur D'Amario, III

CERTIFICATION

I certify that on Nov. 8, 2005, I mailed a copy to AUSA Adi Goldstein.

[signature]

defendant