Dec. 12, 2005

Hon. William G. Young
U.S. District Court
1 Courthouse Way, Ste. 5710
Boston, MA 02210-3002

RE: USA v. D'AMARIO, No. CR 99-024 (D.R.I.)

Judge Young:

Please construe this correspondence as a renewed Rule 36 motion to correct an "error" in the June 10 judgment which fixed my sentence length at 12 months instead of the intended 12 months plus one day. The court failed to add the extra day I need to qualify for good-conduct-time credit under § 3624(b) through oversight or omission.

On Oct. 28, the court mistakenly put a Rule 35(a) label on my initial motion and denied it as time-barred. Rule 36 has no time limitation. I'll now convince an objective and impartial court that Rule 36 applies.

After imposing a 12-month revocation sentence, a judge added one more day to the term in the written judgment and without the defendant present. The Court considered the error an appealable issue and struck the extra day per defendant's request. Bartone v. U.S., 375 U.S. 52, 54 (1963) (per curiam). However, the dissenters construed the unauthorized alteration of the sentence as a clerical error correctable on a Rule 36 motion rather than direct appeal. Id. at 55 (Clark, J., dissenting).

The impact of Bartone is that whether a sentence should have had one day either added or deducted to affect good-time credit can be a Rule 36 issue. Rule 35 does not pertain to errors arising from "oversight or omission."

Circuit law is the same. When a trial judge awarded credit for time served but shortchanged the defendant by seven months, his appeal was dismissed with a recommendation to file a Rule 36 motion in district court. U.S. v. Claudio, 44 F.3d 10, 16-17 (1st Cir. 1995).

At hearing on June 8, no one mentioned § 3624(b), nor did Probation or prosecutors ask that I be denied gct and treated differently than every other prisoner. Without question, the court was unaware that I needed a sentence of 366 days as an incentive to maintain clear conduct, and that's what makes

this a textbook "oversight or omission" remediable through Rule 36.

I'd like my judgment amended from 365 to 366 days so I can leave BOP custody in early February instead of late March. My final points have no bearing on the Rule 36 issue of law, but they deserve mentioning.

On June 8, USPO Pletcher smeared me on paper as a "paranoid-schizophrenic." (He has never met or spoken to me and is not a physician.) I was sentenced on false disinformation and libels.

The medical staff here, after a four-month evaluation, concluded on Nov. 16 by announcing that they agree with Dr. Weiss and that I am not mentally ill. I've been medically cleared for discharge (I'm awaiting official documentation). Why was I sentenced as John Hinckley? Why is that supposed to be fair hearing?

Second, I refer your attention to the attached BOP record that I've just procured under FOIA after a five-year battle for it. My sentences have been miscalculated, just as I stated on June 8, and the government has always known it. I lost a § 2241 habeas in Minnesota in 2000 (No. 00-1932) when a BOP official [Ernie Frie] lied in an Affidavit that I was never ordered discharged on Aug. 2, 2000, with dual jail credit.

The attached BOP letter verifies that my release date was Aug. 2, 2000. That fact demonstrates that the subsequent New Jersey sentence also commenced far too late for the miscomputation was never corrected. I'm owed a year of jail credit on this RI case, and I can't even get a month of gct.

Hearing on a Rule 36 motion isn't required, nor do I desire it.

Since I first raised this complaint in July, there's been no objection, and such unopposed motions are generally rubber-stamped in RI courts.

Defendant, pro se,

Arthur D'Amario 02989-070
PO Box 4000
Springfield, MO 65801-4000

CERTIFICATION

I certify that on Dec. 12, 2005, I mailed a copy to AUSA Adi Goldstein, 50 Kennedy Plaza, Providence, RI 02903.

defendant, pro se

@001

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

*Kansas City Regional Office*
*Tower II, 8th Floor*
*400 State Avenue*
*Kansas City, Kansas 66101-2492*

NUNC PRO TUNC

August 2, 2000

| | | |
|---|---|---|
| Inmate's Name | : | D'AMARIO, ARTHUR |
| Register Number | : | 02989-070 |
| Offense | : | 18 U.S.C. 922(g)(1) Felon in Possession of a Firearm. |
| Sentence | : | 18 Months |
| Judicial District | : | District of Rhode Island |
| Sentence Begins | : | March 10, 2000 |
| Release Date | : | |
| Designated Facility | : | Rhode Island Department of Corrections. |

Warden:
Federal Medical Center
Rochester, MN 55904

We are providing this designation to effect concurrent state and federal sentences, and have designated the above facility for service of the federal term.

REVIEWED AND RELEASED BY

If this designation provides additional prior custody/jail time credit as outlined in Bureau of Prisons Policy, please apply.

NCRO LEGAL OFFICE

Sincerely,

(for)
G.L. Hershberger, Regional Director