UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

## MOTION

Now comes Defendant to move for entry of an order compelling ex-counsel Ed Roy to transfer his complete file relating to this case to the defendant within twenty days including, but not limited to, the anonymous greeting cards, Roy's handwritten notes and those of his secretary.

For support, Defendant relies on his attached memorandum.

Defendant, pro se,

3-23-06

Arthur D'Amario 02989070
Federal Detention Center
PO Box 562
Philadelphia, PA 19105

CERTIFICATION

I certify that on Mar. 24, 2006, I mailed a copy of this Motion & Memorandum to Ed Roy, 10 Weybosset St., Prov., RI 02903.

defendant

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

MEMORANDUM

Defendant has been without counsel since June 2000. He has had to try to litigate, pro se, a direct appeal, habeas corpus petitions, and violation proceedings without his own case files. Whatever fraction of it he has possessed over the years was always confiscated soon thereafter by Marshals because he's been transported by bus or airlift 45 times.

Having withdrawn six years ago, ex-counsel Ed Roy still won't provide his files, which probably contain exculpatory evidence indicative of Roy's malpractice.

For example, Roy subpoenaed the anonymous greeting cards quoted in the warrant application, in April '99. He has, very oddly, never shown the evidence to his own client, and police have denied Defendant copies by explaining that they already disclosed it upon the subpoena.

Defendant has hired an independent document expert in North Carolina who can match the cards' typeset to that used by Lt. Bussiere of Attleboro Police Dept. in 1998.

The 2/26/99 report of Forensic Science Applications said the cards contain DNA under the licked-on stamps that would identify the author. Defendant has found a private DNA lab in California that does such testing for court cases.

And, in January '99, Lt. Bussiere foolishly mailed Defendant a summons. Bussiere licked the stamp, leaving his own DNA, and Defendant has that envelope for a DNA comparison.

"Defense" counsel never thought of this back 7 years ago.

Defendant can still invoke 28 U.S.C. § 2244(b)(3) and seek leave to file a successive § 2255 motion if he can develop new evidence of the police conspiracy to frame him.

Ed Roy's secretary took numerous phone messages from Defendant in 1999-2000. Those notes will help prove that "defense" counsel abandoned his client in April '99 and effectively left him without an agent for the duration.

The notes of "defense" counsel will prove that Ed Roy and Asst. RI Attorney General William Ferland hatched a plan in March '99 to make Defendant the patsy for the anonymous cards, and that the § 4241(a) motion was a diversionary tactic suggested by Judge Pfeiffer of Superior Court (who, it is now known, was then sleeping with Defendant's state prosecutor). The notes will reflect that Roy never intended to prepare for or litigate a motion to suppress evidence.

Ed Roy is a close friend of Disciplinary Counsel David Curtin, and so Curtin, contrary to policy, will not involve his office to order the disclosure of the files.

Ed Roy has a motivation to conceal the evidence and perpetuate the police conspiracy. He knew Judge DiClerico would reward him with 200% of his standard ACJA fee for doing nothing. He anticipated being rewarded for committing perjury at the Camden, NJ, trial in 2001, and was thereafter appointed Public Defender. Last year, his new client reported to Defendant that Ed Roy has been bragging that he's been "promised" a RI judgeship. He's obviously a connected insider who knows the right steps.

State Police don't act so brazenly unless aware in advance of setting up a sting that no questions will be asked. While it was Roy's strategy to look away and let Lt. Bussiere off the hook, Defendant won't ever let go of this skewed case. He is pro se and has a right to his own files. He knows these courts will be anxious to deliver justice when he is able to identify the warrants' executing officers as the culprits.

Still suffering the repercussions of Roy's malpractice, Defendant asks for a grant of his motion so he may begin to defend himself.

Defendant, pro se,

Arthur D'Amario III

cc:
Ed Roy
10 Weybosset St.
Providence, RI 02903