UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

## MOTION FOR ORDER TO TEST DNA EVIDENCE

Pursuant to 18 U.S.C. § 3600(a), Defendant requests entry of an order that a qualified independent lab as defined in § 3600(c)(2) perform DNA testing on specific evidence to identify the actual author of the anonymous letters quoted in the Feb. 8, 1999, search-warrant application, to establish his innocence of all state and federal charges applied in 1998 and 1999. Defendant asks the court to order testing of the DNA,

(1) On the greeting card and envelope placed in Debra Sellers' mailbox at Halloween 1998;

(2) On the greeting card and envelope mailed to Debra Sellers from Rhode Island in January 1999; and

(3) On the probation-revocation summons and envelope mailed to Defendant by Lt. George Bussiere of Attleboro Police Dept. on or about Jan. 16, 1999.

In support thereof, Defendant relies on his accompanying memorandum and declaration.

DEFENDANT, pro se,
[signature] 4-3-06
Arthur D'Amario 02989-070
Federal Detention Center
POB 562
Philadelphia, PA 19105

cc:
AUSA Adi Goldstein
50 Kennedy Plaza
Providence, RI 02903

April 3, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v.

No. CR 99-024

ARTHUR D'AMARIO

MEMORANDUM

The Innocence Protection Act of 2004 mandates testing of the DNA on the bogus greeting cards used by police and courts to lynch Defendant just before his RI probation was to expire in 1999. Defendant also seeks testing of DNA on the summons mailed to him by Lt. Bussiere in Jan. '99. That DNA will match the others, for Lt. Bussiere is a stalker and Defendant has been falsely imprisoned longer than Scott Hornoff.

There is no "probable cause" for police to suspect Defendant of crimes they committed themselves to run him out of town. This may be hard for jaundiced courts to accept, but the harsh reality is that Debra Sellers was harassing Defendant because she is (a) bipolar; (b) under the care of a psychiatrist; (c) wealthy; (d) spoiled; and (e) friendly with police and judges through her Motorola and Texas Instruments acquaintances. Her girlfriend, Natalia Mendez, knows DA Paul F. Walsh, Jr. (who used some fake letters against Defendant in court but failed to file them with the public record).

The new § 3600 saves Defendant the trouble of canvassing local politicians to exert influence to acquire the letters for testing. He does not have to try to access state courts to get the letters tested. This court can now show just how concerned it really is with its primary function: "ascertainment of the truth." Does the court want to expose a juicy, headline-making police scandal, and liberate a social leper? This ought to be fascinating.

Defendant, pro se,
[signature] 4-3-06
Arthur D'Amario III

cc:
AUSA Adi Goldstein
50 Kennedy Plaza
Providence, RI 02903

April 3, 2006