UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

DECLARATION SUPPORTING DEFENDANT'S
MOTION FOR ORDER TO TEST DNA EVIDENCE

I, Arthur D'Amario III, depose and say that:

1. There is no remedy available to me under any state law of Rhode Island or Massachusetts, in part because I am banished from all states except Arizona. Moreover, I have been told my ex-lawyers, Charles Tamuleviz, Prof. Andrew Horwitz, and C. Len O'Brien, that I am not allowed into the state courthouses, and that if seen in the vicinity I'll be falsely arrested on a trumped-up charge by security personnel. It is impossible for me to appear in any state courtroom for a hearing, and there is no lawyer who will represent me, even for a prepaid fee.

2. I am willing to provide a DNA sample in conjunction with legitimate, impartial testing of the evidence described in my motion.

3. I am actually innocent of the misdemeanor charges lodged against me in Attleboro District Court in 1998, to which I pled "nolo" only to get rid of defense counsel David DiCola so that I could personally investigate the first generation of counterfeit letters presented to Judge Phillips by Asst. DA Chris Markey on 11/5/98, and by Debra Sellers on 11/13/98.

4. The actual Attleboro charges were absurd, but Judge Phillips bent the law to convict me because he thought I'd authored the anonymous letters, that the state couldn't prove it, and that it'd be a good idea to use another excuse to jail me. He convicted me of writing a letter to his clerk on the idiotic theory that because the letter complained of Debra Sellers, it was a "contact" violation. He convicted me mailing Sellers a Rule 41(a)(1)(ii) Stipulation to dispose of the case after an agreement was reached between the two pro se parties to settle and dismiss. He said that, too, was a "contact" violation even though the statute permitted it.

5. A finding that Lt. Bussiere created the crank letters to ambush me at the Attleboro proceedings would invalidate the plea agreement entered Dec. 11, 1998, and I would not be retried. Nor is there any basis for the exercise of jurisdiction over me once it is proven that I did not write any letters to Sellers.

6. I am actually innocent of the Rule 32(f) probation-revocation Notice filed by the RI Attorney General on or about Feb. 19, 1999, which relied on the false accusations in the Feb. 8, 1999, search-warrant application of Sgt. Collins to rearrest me. The Rule 32(f) Notice was never amended or supplemented to reflect the federal conviction as a basis for revocation. Asst. Attorney General William Ferland was lied to in Feb. '99 by Smithfield Police that I authored and delivered the crank greeting cards.

7. My revocation sentence has to be vacated after testing of the DNA exonerates me. There is no RI law prohibiting a probationer from possessing legally purchased firearms in his own dwelling. There is no RI law prohibiting a citizen with a nonviolent felony record from continuing to own firearms.

8. I am actually innocent of felon-in-possession, for proof that state police created the crime described in the search warrant application invalidates the warrant, suppresses the evidence, and vacates the conviction, restoring me to the status quo existing prior to Feb. 8, 1999. Besides the Fourth Amendment right to privacy, prosecution would be barred by evidence of outrageous, conscience-shocking conduct of the government: the spiteful frame-up of a law-abiding citizen by a mentally ill rich woman and her law enforcement cronies. Other affirmative defenses establish my actual innocence, as outlined in my pending Petition For A Writ Of Error Coram Nobis.

9. The Feb. 26, 1999, report of Forensic Science Applications remarked that the "Happy Halloween" card of Oct. '98 and the "Happy Birthday 63" card of Jan. '99 received by Sellers both contain untested DNA [saliva] because the culprit used the old stamps that had to be licked.

10. On or about Jan. 16, 1999, Lt. Bussiere of Attleboro Police Dept. mailed me a summons to appear as a violator on Feb. 4, 1999 (which was continued to Feb. 25, 1999). He licked the stamp on the envelope, and I saved it. It is in storage. My ex-lawyers, Ed Roy and David DiCola, did not want it.

11. DNA testing will establish that someone in law enforcement typed and delivered the anonymous cards to frame me in three jurisdictions. That person is Lt. Bussiere. He was working

in tandem with Sgt. Collins, Matthew & Debra Sellers, their government-employed friend Natalia Mendez of Taunton (who knows DA Paul F. Walsh Jr.), and hysterical Smithfield police officers who wanted to "rescue" Debra because she was rich and pretty.

12. At the time the conspiracy was developed, Lt. Bussiere and Sgt. Collins had just been served summonses in D'AMARIO v. DUFORT et al., C.A. No. 98-cv-11331-MEL (D.Mass.), in which my lawyer sued them over a prior false arrest.

13. I never phoned Sellers. I never wrote her. I was never in Massachusetts. There was no "harassment" of any kind. Lt. Bussiere and Sgt. Collins made it all up, and my lawyers (Roy and DiCola) sold me out. On two occaisions in Nov. 1998, David DiCola allowed the state to use as "evidence" against me bogus letters written by police. Upon exiting prison Dec. 11, 1998, I immediately sought copies of the letters but was advised by court clerks that Judge Phillips' sheriff had returned them to Debra Sellers.

14. In 2003, in response to my Public Records Act complaint, Attleboro Police stated that they were unwilling to release the greeting cards or even copies of them.

15. On Feb. 9, 2006, I was falsely accused of a federal offense in an FBI complaint, which is the sole reason for my current detention. On Feb. 14, at a Rule 5 hearing, the FBI admitted under oath that I did not commit a crime. In a previous federal prosecution in Camden, NJ, in 2001, FBI agents altered evidence, hid documents, and encouraged a BOP physician to commit perjury against me. I do not trust the FBI to impartially and accurately analyze this DNA. The DNA on the summons sent to me will match the DNA on the two crank greeting cards and inculpate Lt. Bussiere. The FBI is incapable of admitting that fact.

I declare under penalty of perjury that the foregoing is true.

Executed on: April 2, 2006

Arthur D'Amario, III

CERTIFICATION

I certify that on April 3, 2006, I mailed a copy to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.