UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

MOTION FOR NEW TRIAL

Pursuant to Rule 33(b)(1), Defendant moves for a new trial of his Sept. 30, 2003, supervised release revocation based on newly discovered evidence. In support thereof, Defendant relies on his attached memorandum and Declaration of witness Travis Gorby.

DEFENDANT, pro se,
[signature] 4-18-06
Arthur D'Amario 02989070
Federal Detention Center
PO Box 562
Philadelphia, PA 19105

CERTIFICATION

I certify that on April 18, 2006, I mailed copies of this Motion & Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.

[signature]
defendant, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

MEMORANDUM

On March 3, 2003, FCI McKean and case mgr. Brian Henry released Defendant to an Arizona halfway house on a pack of lies suggested by CUSPO Barry Weiner. Henry lied to Defendant that he had to take a halfway house in Arizona because his parents lived there. Henry lied again that when ccc expired on April 29, Defendant could fly home to Rhode Island to serve supervised release simply by telling Probation.

Defendant's BOP central file contains notations made by Henry throughout 2002 of extensive telephone contact between him and Weiner. It was Weiner's idea to have Henry destroy the RI release plan signed by Defendant Aug. 20, 2002, and to misrepresent the AZ relocation as a "halfway house plan."

For refusing to go along with the government's latest plot against him, Defendant was bushwhacked at a kangaroo court s.r. revocation before the conflicted Judge Smith, who imposed the harshest possible penalty for the most meager infraction falling under Grade C. After testifying truthfully to the above hard facts on June 17, 2003, Judge Smith labeled Defendant a liar to concoct a phony excuse for revocation.

A year ago, the Judicial Council expelled Judge Smith from this case for noncompliance with 28 U.S.C. § 455(b)(2). The judge's law firm in 1998-99 represented the Attleboro Police Dept. in civil litigation against Defendant.

In early 2004 FDC Philadelphia gave Defendant permission to mail a proposed Declaration to witness Travis Gorby at FCI McKean. Gorby signed the Declaration, but to protect the conspiratorial Brian Henry from judicial sanction the McKean mailroom intercepted and destroyed it. Gorby and Defendant then lost contact due to various changes in custody and location. However, in 2006 Defendant found Gorby and obtained a new witness statement. Gorby's Declaration corroborates Defendant's 2003

testimony and makes a prima facie case of (a) perjury by CUSPO Weiner; and (b) collusion among Weiner and Henry in 2002 to set up this carefully staged "revocation."

There is more new evidence identifiable and in the government's control.

On April 30, 2003, Judge Irenas ordered Defendant to write his reasons for living in RI and mail it to Probation for consideration, with the prospect of applying for judicial relief if Probation is not persuaded to transfer s.r. On May 1, 2003, Defendant mailed his letter to USPO Tom Galindo at Tucson. He had no ability to make a copy.

On June 17, 2003, Weiner committed perjury that Defendant never complied with Judge Irenas' order. This false "fact" figured into the calculation of his harsh sentence. On Sept. 30, 2003, Judge Smith, playing dumb, denied Defendant's request under Rule 32.1(b)(2)(C) for an order compelling Weiner to produce the letter, saying the rule was inapplicable.

On Nov. 20, 2003, in a telephone interview, USPO Galindo admitted to Defendant's mother that he'd received the May 1 letter and immediately remailed it to Weiner in RI. So, the letter really does exist and was suppressed.

Judge Smith misinterpreted Rule 32.1(b)(2)(C), for the same issue resulted in the reversal of a revocation where the violator was not allowed to present evidence. U.S. v. Taveras, 380 F.3d 532 (1st Cir. 2004) (revocation was based on hearsay). Defendant has a new witness, new facts and new binding law. A newly available witness is newly discovered evidence.

The BOP will not let Defendant photocopy Henry's 2002 notations. USPO Galindo will not produce a signed statement. That evidence has to be subpoenaed. The Gorby Declaration is enough to warrant an evidentiary hearing on the motion. The web of deceit spun by Weiner, Henry and Ed Roy is unraveling.

To vacate the '03 revocation will effect future sentencing proceedings and would necessitate a rehearing of the '05 s.r. revocation, which considered false non-facts as legitimate.

DEFENDANT, PRO SE,

Arthur D'Amario III

cc:
AUSA Adi Goldstein
50 Kennedy Plaza
Prov., RI 02903