UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

MOTION

Now comes Defendant to move that the court enter an order compelling CUSPO Weiner and Ed Roy to disclose records and notes to him so that he may continue investigating the circumstances of his frame-ups and false arrests. Specifically, Defendant seeks all notes and records related to Weiner's efforts on Aug. 2, 2000, to have his jail credit revoked by BOP; plus notes and records relating to Weiner's phone calls in 2002-03 with FCI McKean case mgr. Brian Henry, and his consulations in 2005-06 with the staff at USMC Springfield concerning Defendant. Defendant seeks from Ed Roy his complete federal and state court files including Roy's work product, as well as the anonymous greeting cards quoted in the 2/8/99 search warrant application.

For support, Defendant relies on his attached Memorandum.

Defendant, pro se,
[signature] 11-14-06
Arthur D'Amario 02989070
Federal Detention Center
PO Box 562
Phila., PA 19105

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

USA

v. No. CR 99-024

ARTHUR D'AMARIO

MEMORANDUM

It may seem hard to believe, but this 8-year-old wrongly decided tragi-comedy is not over. Defendant is on the verge of cracking the case with new evidence of a police-and-courts conspiracy to frame him with anonymous nursery rhymes. Judge DiClerico has a right to know that AUSA Ed Roy swindled him and was a double agent assigned to cover up.

The facts are clear. In retaliation for speaking against him at the JNC public hearing Judge Israel framed Defendant by writing weird limericks to a married bipolar woman in Attleboro* that he never knew. His JNC seatmate, Judge DeRobbio, cooperated by issuing a joke warrant which mentally paralyzed all First Circuit jurists. The FSA Report fully exonerating Defendant was unwanted and thus ignored. Buzzards circled. As film noir detective Sam Spade would say to Defendant, "You're taking the fall!"

To make matters worse, when Defendant finished the sentence imposed upon an innocent on 8/02/00, someone in RI made a phone call to BOP to rewind an expired term to its beginning, and Defendant got hit again by double jeopardy. The government's 6 years of disinformation leaks that the caller was AUSA Browne was a red herring.

On 11/8/06, the US Attorney in Trenton filed a pleading at Camden identifying as the 8/2/00 caller Judge Torres' wayward CUSPO, Barry J. Weiner. Toto has pulled back the curtain to reveal the wizard at the controls.

Later, in 2002, Weiner made frantic phone calls all spring and summer to FCI McKean case mgr. Brian Henry, and induced him to flim-flam

the naive, trusting Defendant into an Arizona release plan (misrepresented by Henry as a "halfway house plan"). The calls are noted throughout the Defendant's BOP central file. He has been allowed to view Henry's notes that Weiner phoned, but not to make copies.

At the staged violation hearings before the conflicted and confused Judge Smith, Weiner's notes, logs and memos were not divulged to the defense. A violator is entitled to disclosure of a probation officer's ex parte communications to the court. U.S. v. Aspinall, 389 F.3d 332, 348-49 (2d Cir. 2004).

Defendant is asking the court to order disclosure to him of all of Weiner's records relating to (1) his actions taken on 8/2/00 to nullify the BOP's grant of dual jail credit; and (2) all of his many 2002-03 consultations with Brian Henry.+

Defendant is also seeking an order for Ed Roy to divulge to him all of his federal and state court files pertaining to Defendant's cases that were mishandled by Roy in 1999 and 2000. That includes Roy's work product and the anonymous greeting cards. Those files and work product belong to the client. Hiatt v. Clark, 194 S.W.3d 324 (Ken. 2006).

In Sept. '06, in response to Defendant's mandamus petition, Roy mailed a crate of documents to Defendant, then induced the Circuit to dismiss the petition as moot. After Defendant waded through the thousands of pages, he realized AUSA Roy had tricked him again. Roy filled the crate with multiple copies of Defendant's own pro se pleadings, many from irrelevant cases, to give the illusion that something substantial had been provided. But it was mostly worthless junk. Missing were Roy's notes, the anonymous letters, and the Superior Court file.

"Some disputes between a litigant and his lawyer (or his opponent's lawyer) are within the federal courts' ancillary jurisdiction." Shapo v. Engle, 463 F.3d 641, 644 (7th Cir. 2006).

The court therefore has ancillary jurisdiction over these matters and may order Weiner and Roy to disclose their notes and records.

As usual, when Defendant is being tormented by federal bullies, he

presents his grievances to Rhode Island judges, for they are trained legal experts whose mission is ascertainment of the truth.

Yes, there is another school of thought: Alan Dershowitz wrote in Reversal Of Fortune that RI's courts are a "cesspool of corruption" and that "to get justice in RI, you've got to know the right people." But those facts were only impressed upon the bestselling book's twenty million readers. And that was in 1987 - long before Judge Lagueux was annointed the judiciary's secret policeman.

Somewhere in N. Carolina is a forensics expert hired by Defendant to examine the anonymous letters and link the typeset to the machine used in 1998-99 by Judge Israel. In exchange for the reward of an undeserved judgeship, insider Ed Roy continues to hide those phantom letters from his own client.

Somewhere in Washington is a Democratic Congressman on the Senate Judiciary Committee who'd be interested in CUSPO Weiner's activities on 8/2/00, and in his 2002 phone calls to McKean that set up Defendant for a series of planned accidents. The Inspector General also fields complaints against dishonest probation officers.

The motion should be quickly granted.

DEFENDANT, pro se,

[signature] 11-14-06

Arthur D'Amario 02989070
PHL

*Bizarrely billing itself as Vaction Land USA!, Attleboro is actually a decaying, failed, surface scar that has never produced an important person or product. Stuck in the Bronze Age with low SAT scores and soaring rates of alcoholism and suicide, Attleboro is infamous only for its exporting of drug dealers and rust. The people of Port-Au-Prince would be ashamed of it.

+Weiner made slanderous calls about Defendant to USMC Springfield staff from July '05 to Feb.'06, and Defendant seeks those records, too. Case mgr. Donna L. Davis told him of it on 1/17/06.