UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

In re ARTHUR D'AMARIO (petitioner) No. 07-

PETITION FOR A WRIT OF MANDAMUS

Pursuant to Rule 21 and 28 USC 1651, Petitioner applies for a writ of mandamus compelling the district court to order his ex-counsel, Ed Roy, to provide to him all of his federal and related state court files plus Roy's work product created during his failed defense of both cases. As a result of the district court's order EOD Dec. 11, 2006 (attached), Petitioner has no other adequate and available legal remedy for the order is not a final judgment within the meaning of 28 USC 1291. Mandamus is an appropriate vehicle for a client to seek return of ex-counsel's work product. Hiatt v. Clark, 194 S.W.3d 324, 327-28 (Ky. 2006).

Petitioner refers the court to his accompanying memorandum.

PETITIONER, pro se,
[signature] 1/8/07
Arthur D'Amario 02989-070
Federal Detention Center
PO Box 562
Philadelphia, PA 19105

CERTIFICATION

I certify that on Jan. 9, 2007, I mailed copies of this Petition & Memorandum to: Ed Roy, 10 Weybosset St., Providence, RI 02903; and Judge Young, 1 Courthouse Way, Boston, MA 02210.

[signature]
petitioner

January 12, 2007
Petition denied. In the federal courts, a petition for mandamus does not lie for a situation such as this.

William G. Young
District Judge

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

In re D'AMARIO No. 07-

## MEMORANDUM

A lawyer's work product and case files belong to an ex-client [illegible] continuing to challenge his convictions by alleging ineffective assistance. Hiatt v. Clark, 194 S.W.3d 324, 330 (Ky. 2006) (granting a writ of mandamus).

Upon moving for his files and asserting ancillary jurisdiction, Petitioner was denied relief by Judge Young on Dec. 11 (order attached).

Ed Roy misrepresented him in USA v. D'Amario, No. CR 99-024 (DRI), and State v. D'Amario, No. P2/96-0548A. In both cases, Petitioner was framed by a devious police-and-courts conspiracy, in which Judge Israel wrote anonymous crank letters to Petitioner's ex-girlfriend and had state police deliver them to sabotage his RI probation on the eve of its expiration. The judges then promised rewards to Roy, including a judgeship, in exchange for his cooperation with the official cover-up. Roy made a series of deliberate blunders to blow both cases, accepted a bribe from Judge DiClerico, and buried the evidence.

On Nov. 3, 2006, Middleboro State Police signed an affidavit for Petitioner admitting that, contrary to the joke search warrant Roy failed to invalidate, they never performed fingerprint analyses on the anonymous letters. Roy was afraid in 1999 to subpoena Middleboro, but now Petitioner is on the verge of cracking the judicial conspiracy and plans to file an ineffective assistance petition under 28 USC 2244(b)(3) as well as a Superior Court post-conviction motion under RIGL Section 10-9.1-1(a).

Roy, who remains under the thumbs of the corrupt judges, stubbornly refuses to disclose to Petitioner the two case files and Roy's own work product including his notes and letters. Roy has been declared by a federal judge in Camden (Judge Irenas) to be "stupid, uninformed and incompetent." He knows he faces an action for legal-malpractice when Petitioner returns to RI and can access the state courts again. Those files belong to the ex-client and Petitioner has been trying to procure them since autumn 2000.

The First Circuit should recuse because Chief Judge Boudin is an integral component of the judicial conspiracy and knows that every Circuit judge, clerk, lawyer and secretary is being sued by Petitioner when he is able to walk into Suffolk Superior Court to file his Complaint. All Petitioner is doing with the rest of his life is relitigating the old cases Roy intentionally bungled.

PETITIONER, pro se,

[signature]
Arthur D'Amario III

cc:
Judge William G. Young;
AUSA Ed Roy