UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024S

ARTHUR D'AMARIO

RENEWED MOTION TO ADJUDGE IN CONTEMPT

Defendant hereby moves for entry of an order adjudging Sgt. Collins, Lt. Bussiere and Keeper of Records of Attleboro Police Dept. in contempt, under the authority of Rule 17(g) and 18 USC 1509, for the reason expressed in his attached Memorandum. Defendant requests appointment of attorney Charles Tamuleviz.

Defendant, pro se,

3-14-07
Arthur D'Amario 02989070
Federal Detention Center
POB 562
Phila., PA 19105

CERTIFICATION

I certify that on Mar. 15, 2007, I mailed copies of this Motion and Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.

defendant

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

MEMORANDUM

Defendant's initial Rule 17(g) motion, based on different evidence (a 3/28/03 report of the MA Supervisor of Records), was denied in 2005. He again seeks to have Lt. Bussiere, Sgt. Collins and Keeper of Records adjudged in criminal contempt for manufacturing a false document in reply to a court-authorized subpoena duces tecum in May 1999.

The only record police produced in May '99 was the attached Incident Report (unsigned) purportedly made out 1/15/99 by Sgt. Collins. Commenting on the anonymous birthday card later used to frame Defendant, Collins wrote, "The most recent card will also be submitted to Middleboro State Police I.D. Unit for processing (for fingerprints)."

That was a lie. No fingerprint testing was ever done because Collins knew the author of both cards was Lt. Bussiere.

In late 2006, hoping to catch off guard new personnel unaware of the municipal police complicity of 8 years ago, Defendant submitted another MA Public Records Act request to Middleboro State Police for records of the fingerprint analysis on the birthday card. Having no records, Middleboro transferred the request to Framingham, which is the unit that responds to incidents in Attleboro (as the Supervisor of Records stated 3/28/03).

Attached is the 11/3/06 statement of Beth Crea of Framingham State Police admitting that there are "no records" of any fingerprint analysis.

The 1/15/99 Incident Report is unsigned because it was created in May '99 to stymie Defendant's subpoena with false misinformation.

The 2/26/99 Report of Forensic Science Applications strangely advised that the birthday card be tested for fingerprints and DNA. If FSA knew on

Feb. 26 that the card had not been analyzed, then what is Collins talking about on Jan. 15? Obviously, police avoided fingerprint and DNA testing because it would have proven that Defendant was framed by them.

As for Sgt. Collins' veracity, attached is his inventory of 2/8/99. At para. 6, Collins reported that he seized a "loaded" firearm from Defendant's bedroom drawer - a "fact" relied on by Magistrate Martin to deny him bail on 3/5/99. But also attached is p. 27 of the trial transcript, where Capt. Catlow testified 12/22/99 that Collins falsified the inventory.

Back to the affidavit underlying the warrant application: Sgt. Collins swore that Defendant was the author of the cards and that his typewriter produced them. The FSA Report of 2/26/99 said that wasn't true, either.

It seems like Collins is wrong in every statement he makes.

Ed Roy and Defendant fought like allycats in 1999 over Roy's refusal to subpoena State Police fingerprint records, and that in-fighting destroyed the relationship quickly. Defendant argued that in response to a subpoena, Middleboro and Framingham would have to admit they had no records and did no testing, thereby invalidating the search warrant. Roy's position was that Collins' Incident Report was factual and subpoeaned evidence would only corroborate police and waste resources.

This is not "confusing" as Magistrate Almond contended in 2005. The Incident Report is a fake that misled and impeded the defense. Collins and his Recordkeeper were covering up for Bussiere, who is the actual author. Under 18 USC 1509, this is a serious crime. Under Rule 17(g), it's willful disobedience of a lawful subpoena to obstruct justice. And clearly, Defendant was victimized by lame and inadequate legal representation in 1999.

The court having no choice but to enforce his rights, Defendant would appreciate assignment of Charles Tamuleviz.

DEFENDANT, pro se,

Arthur D'Amario III

cc:

AUSA Adi Goldstein

# Attleboro Police Department

COPY

**INCIDENT REPORT**

| Record # | Inc. Code | Geocode |
|---|---|---|
| 99011354 | 2002 | 52 |
| Arrest # | ☒ Initial Report<br>☐ Follow-up Report | |

| Incident | | Location | |
|---|---|---|---|
| Possible Restraining Order Violation | | 19 Blue Jay Way | |
| Date & Time Occurred<br>01/15/99 1528 | Date & Time Reported<br>01/15/99 1528 | Date & Time of this Report<br>01/15/99 1600 | Check if more ☐<br>Names in supplement |

Codes in below box marked "Code", I-Involved Participant, W-Witness, P-Parent, Rp-Reporting Party, DC-Discover crime

| Code | Principal Party's(or firm) Name (last, First, M | | | | Residence Address | Residence Phone |
|---|---|---|---|---|---|---|
| V | Sellers, Doborah | | | | 19 Blue Jay Way Attleboro, Ma 02703 | 226-7346 |
| Occupation, I.D. | Sex<br>F | Race<br>W | Age | D.O.B. | Business Address | Business Phone |
| Code<br>I | Principal Party's(or firm) Name (last, First, M | | | | Residence Address | Residence Phone |
| Occupation, I.D. | Sex | Race | Age | D.O.B. | Business Address | Business Phone |
| Code<br>I | Principal Party's(or firm) Name (last, First, M | | | | Residence Address | Residence Phone |
| Occupation, I.D. | Sex | Race | Age | D.O.B. | Business Address | Business Phone |

| Suspect # 1 (last,first,M) | Sex | Race | Age | Hgt. | Wgt. | Date of Birth | Arrested<br>☐ Y, ☐ N |
|---|---|---|---|---|---|---|---|
| Address, clothing & other identifying marks and characteristics | | | | | | S.S. # | Complexion |
| Suspect # 2 (last,first,M) | Sex | Race | Age | Hgt. | Wgt. | Date of Birth | Arrested<br>☐ Y, ☐ N |
| Address, clothing & other identifying marks and characteristics | | | | | | S.S. # | Complexion |

| Veh. Color | Year | Make | Model | Style | Reg # | Vin # | Disposition | TT. Sent ☐ |
|---|---|---|---|---|---|---|---|---|

| Point of Entry N/A Area N/A Lock N/A<br>Exit Different ☐ | Type of Entry N/A | Property Description<br>In supplement ☐ |
|---|---|---|

Narrative

Ms Sellers has a restraining order against Mr. Arthur D'Amario. Mr. D'Amario is presently on probation for previously violating the restraining order. Ms. Sellers received a greeting card at halloween which was placed in her mail box, the card was not postmarked. The card and envelope were processed by the Middleboro State Police I.D. Unit, No readable fingerprints were found. The envelope to the card was addressed with a typewriter and typed, in all capitol letters.Today Ms. Sellers received a birthday card, her birthday is Sunday, 1/17/99. This card is also addressed by the use of a typewriter using all Capital letters. This card is post marked Providence Jan. 14th,1999. Mr, D'Amario is a Smithfield R.I. resident.Both cards appear as though they may have been typed using the same typewriter. Ms. Sellers and this investigator both feel that both these cards most probably were from Mr. Arthur D'Amario. The most recent card will also be submitted to Middleboro State Police I.D. Unit for processing.

| Case Status | I hereby certify that the contents of this report are true and Correct to the best of my knowledge. | Complainant's Signature |
|---|---|---|
| ☒ Active<br>☐ Inactive<br>☐ Unfounded<br>☐ Cleared<br>Abuse<br>☐Y ☐N | Sgt. Kenneth D Collins<br>Reporting Officer: Signature: | |

*The Commonwealth of Massachusetts*

*Department of State Police*

*Office of the Chief Legal Counsel*

*470 Worcester Road*
*Framingham, MA 01701*

*November 3, 2006*

MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

ROBERT C. HAAS
SECRETARY

COLONEL MARK F. DELANEY
SUPERINTENDENT

Arthur D'Amario 02989-070
Federal Detention Center
P.O. Box 562
Philadelphia, Pennsylvania 19105

RE: *Your Request for Records*

Dear Mr. D'Amario:

Your request, which was directed to our Crime Scene Services Section, has been forwarded to this office for response.

The Crime Scene Services Section has advised us there are no records responsive to your request.

Sincerely,

Beth Crea

Beth Crea
Office of the Chief Legal Counsel
Massachusetts State Police
(508) 820-2311

***Attleboro Police Department***
***Detective Division***
***Supplemental Report***

Time: 11:40 A.M.

Date: 02/08/99

Place: 11B High Street, Smithfield, RI

Involved Person: D'Amario, Arthur III

Report #: 99020600 :

On the above time and date officers of the Attleboro Police Department and the Smithfield Rhode Island Police Department executed a Search Warrant at 11B High Street in Smithfield Rhode Island. Officers of the Smithfield Police Department were Captain Gregg Catlow, Ptlm. David Parenteau, Ptlm. Michael Mousseau and Sgt. Richard St. Sauveau. Officers of the Attleboro Police Department were Sgt. Kenneth D Collins and Det. Arthur Brillon.

The Below listed items were seized.

1) From the kitchen table one Smith Corona, word processing typewriter. Model # 5A-1. It is color off white or tan with a possible serial # 00774453.

2) From the kitchen trash can, one used Smith Corona H correctable typewriter ribbon.

3) From the kitchen trash can, one used typewriter paper pad cover.

4) From a large box in the living room one box of correcting cassettes. Original box of 3 with two cassettes remaining.

5) From the same large box in the living room, one box of Correctable Film ribbons. Original box of 6 with 5 remaining.

6) From a bedroom bureau, 3rd draw from the top, a loaded Raven 25 Caliber handgun, black with imitation wood grain, Serial #1247478.

7) From the same bureau draw above, one box of Blazer 25 Caliber ammunition.

The officers of the Attleboro Police Department except the handgun and ammunition seized all items listed above. Captain Catlow of the Smithfield Police department seized the handgun and ammunition.

Kenneth D Collins
Detective Sergeant

A. The magazine was empty.

Q. And that means the gun was not loaded; is that correct?

A. That's correct.

Q. Have you seen the typewritten and signed inventory that Sergeant Collins made out later that day on February 8, 1999?

A. No, I have not.

Q. If that inventory said that the alleged firearm was loaded, that inventory would be incorrect, wouldn't it?

A. Yes, it would.

THE DEFENDANT: One moment, please, Judge.

THE COURT: Yes.

(P A U S E)

(The Defendant conferred with Mr. Roy.)

Q. Did you make out your own inventory that day?

A. Yes, I did.

Q. Do you have that with you today? Do you have that inventory with you today?

**Forensic Science Applications**
Examination of Questioned Documents

COPY

# REPORT

**TO:** Sergeant Kenneth Collins
Attleboro Police Department
12 Union Street
Attleboro, Massachusetts 02703

**DATE:** February 26, 1999

**FSA #907 and 907A**

**RE:** Arthur D'Amario-
Typewriter Examination

**CONTRIBUTOR CASE #**

**EVIDENCE RECEIVED:** From Sgt. Kenneth Collins on February 12, 1999 at Attleboro, Massachusetts and via U.S. Postal Service certified mail on February 22, 1999

**Specimens:**

Specimens Received February 12, 1999

| | |
|---|---|
| Q1 | One (1) used Smith Corona correctable typewriter ribbon |
| Q2 and Q3 | One (1) envelope addressed to "Debbie Sellers......." And accompanying Halloween card |
| Q4 and Q5 | One (1) envelope addressed to "Miss Deb Sellers........" postmarked Jan. 14, 1999 and accompanying birthday card |
| K1 | One (1) Smith Corona typewriter model #5A-1 with ribbon cartridge and correcting tape cassette |
| Also submitted: | -open box containing five (5) Smith Corona correctable film ribbons<br>-open box containing two (2) Smith Corona lift-off correcting cassettes |

RR 3, Box 110-N · Vineyard Haven, Massachusetts 02568 · Tel. 508-693-5635 • Fax 508-693-5636

COPY

Specimens Received February 22, 1999

K2 Numerous original and photocopied typewritten letters and envelopes known to have been sent by Arthur D'Amario

**RESULTS OF EXAMINATION**

The typewritten text which appears on specimens Q2, Q4 and Q5 is not present on the Q1 typewriting ribbon which was found in the trash during the search of Arthur D'Amario's residence or on the ribbon removed from the K1 typewriter.

The style of typewriting on specimens Q2, Q4 and Q5 is different from the style of type produced by the K1 typewriter using the printwheel that was in the machine at the time it was seized. The style of typewriting on specimens Q2, Q4 and Q5 is different from any style that is commonly used in a Smith Corona machine, such as K1. The style of typewriting present on the K2 documents is consistent with the style on the Q1 ribbon and the K1 ribbon;therefore, the machine that produced these documents did not produce the Q2, Q4 and Q5 typewriting.

No indented writing was detected on specimens Q2 through Q5. One machine-produced indentation was noted on specimen Q5, and a lift of this indentation is being provided to you with the evidence. It is not known if this impression was made during the manufacturing process or if it was made when the Q5 card was inserted through the roller of a typewriter.

The U.S. postage stamps present on specimens Q2 and Q4 have torn edges that could be compared to other stamps that may become available to you. No stamps on the original envelopes contained in specimen K2 are like those on specimens Q2 and Q4.

The glue lines, as well as the stamps on specimens Q2 and Q4 are the type that have to be moistened for adherence; and, therefore, may contain DNA substance from the person who wet them. DNA profiles, if present, on these specimens, could be compared to DNA that may be present on the K2 envelopes.

Specimens Q4 and Q5 do not appear to have been processed for latent fingerprints. You should contact the DNA laboratory prior to having any fingerprint examinations done to see whether they prefer to do their analysis prior to fingerprint processing.

COPY

**ADMINISTRATIVE**

Specimens Q1 through Q5, K1 and K2, as well as the Also Submitted items are being personally delivered to your office at the Attleboro, Massachusetts Police Department. It is noted that the ribbon presently in the K1 typewriter was used to make known typewriting exemplars for examination purposes and was one of the ribbons received in the Also Submitted items.

Alan T. Robillard