UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

## MOTION FOR A NEW TRIAL

Pursuant to Rule 33, Defendant moves for a new trial based on the newly discovered and newly available evidence attached, and asserts that:

(1) Trial was unfair because the court is biased and corrupt, venue was improper, and Judge DiClerico breached a duty to recuse;

(2) Appellate processes were unfair because Chief Judge Boudin joined the NJ prosecution team in 2001, assisted Defendant's prosecutors, and lied to conceal it while hearing his appeals;

(3) Ed Roy was a "snitch" planted on Defendant by the state police to cover up their abuses, and was promised a judgeship by Judge Lagueux;

(4) The new evidence proves that the warrant is invalid, and that police committed the "crime" described in the warrant application, making the evidence inadmissible;

(5) Rule 33 is a non-jurisdictional claim-processing rule and the government may forfeit its timeliness objection. Eberhart v. U.S., 546 U.S. 12, 19 (2005). The government is obligated by the U.S. Attorney's handbook and Rule 3.8 of the lawyer's code of conduct to waive the timeliness defense and see the Attleboro police brought to justice;

(6) Judge DeRobbio was not neutral and detached; his warrant is invalid.

Defendant relies on the same memorandum and evidence submitted with his Rule 60(b) motion a month ago in C.A. No. 01-0097 (D/RI) (copies attached), and reiterates that the entire Circuit is required to recuse from his cases.

Defendant, pro se,
[signature] 6/11/08
Arthur D'Amario III
FCI Englewood

## CERTIFICATION

I certify that on 6/12/08 I mailed a copy to AUSA Adi Goldstein.

[signature]
defendant