EX 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.
98 CV 11331 MEL

ARTHUR D'AMARIO III

Plaintiff

v.

JAMES DUFORT
individually and in his official capacity
as Patrolman for the Attleboro Police Department

GEORGE BUSSIERE

individually and in his official capacity
as Patrolman for the Attleboro Police Department

OTHER POLICE OFFICERS OF THE ATTLEBORO POLICE DEPARTMENT
PRESENTLY UNKNOWN
individually and in their official capacity

AMENDED COMPLAINT/
JURY DEMAND

PARTIES

1. Plaintiff is a resident of Smithfield, Rhode Island.

2. Defendant Dufort is police officer with the Attleboro Police Department, Bristol County, Massachusetts. Defendant Bussiere is a police lieutenant with the Attleboro Police Department.

JURISDICTION AND VENUE

3. Venue is appropriate to this judicial district pursuant to 28 U.S. Code, §1391(a) as this is the judicial district in which the

12

cause of action arose because substantially all if not all of the events and omissions giving rise to this claim occurred here.

4. Jurisdiction is appropriate to this Court pursuant to 28 U.S. Code s. 1331 and 1334. This is an Action for damages pursuant to 42 U.S. Code s. 1983 and s. 1988 for violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## STATEMENT OF FACTS

5. On or about 29 October 1997, the Attleboro District Court issued a M.G.L.c. 209A restraining order against the Plaintiff, Mr. D'Amario.

6. The restraining order clearly provided at paragraph 2:

> YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF [Ms. Debra Sellers], except ... for notification of court proceedings ... Notification of court proceedings is permissible only by mail, or by sheriff or authorized officer when required by statute or rule. (emphasis added).

7. On or about 29 October 1997, Mr. D'Amario filed a notice of appeal from the issuance of the restraining order. As required by the service requirements of the District Court and as allowed by the restraining order, Mr. D'Amario mailed a copy of the notice of appeal to Mrs. Sellers by certified mail on that same date.

8. On or about 31 October 1997, after receiving service of the

notice of appeal, Ms. Sellers went to the Attleboro police department and complained to Defendant Dufort "she received a letter Certified [sic] from the Post Office Dated [sic] Oct. 29 which Mr. D'Amario signed and mailed to her of his appeal to a hearing." Ms. Sellers showed Defendant the letter and told the Defendant that she wanted Mr. D'Amario arrested for violation of the restraining order. Defendant "took copys [sic] of the order and a copy of the certified letter for evidence. These quotes are taken directly from the Defendant's Arrest Report.

9. Despite the clear language of the restraining order allowing and in fact requiring notification of court proceedings as an exception to the restraining order, the Defendants Dufort and Bussiere willfully and knowingly with the assistance of other officers presently unknown went on to obtain an arrest warrant for the Plaintiff by negligently, recklessly, willfully, or knowingly and in bad faith ignoring the exceptions in the restraining order and not making these exceptions known to whomever issued the warrant. Defendant Bussiere complained under oath on or about 4 November 1997 that the Plaintiff violated the above referenced 209A restraining order resulting in the issuance of a summons and complaint against the Plaintiff.

10. As a result of the warrant issued for the Plaintiff's arrest, Plaintiff shortly after he became aware of its existence voluntarily appeared at the offices of Attleboro Police on or

12

about 29 April 1998. He was arrested and imprisoned for over two hours in a prison cell. He was then taken while in handcuffs to an arraignment and released on personal recognizance.

11. Subsequently, after he returned home on 29 April 1998, the Smithfield, Rhode Island police were waiting at his home to arrest him on the same arrest warrant. These police held the Plaintiff under arrest and in forced custody at his home for over 30 minutes while they called the courthouse to confirm Mr. D'Amario's explanation that he had been arraigned and released on the warrant. The case was subsequently dismissed at the pre-trial conference stage of the criminal proceedings.

COUNT I - 42 U.S. Code s. 1983 and s. 1988

12. Plaintiff incorporates by reference para. 1 - 11 set forth above.

13. The Defendants at all times material to this Action were acting under color of the statutes, ordinances, regulations, policies, customs, and usage of the Commonwealth of Massachusetts.

14. Defendants' acts violate 42 U.S. Code s. 1983 and s. 1988 and are a violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

12

COUNT II - The Massachusetts Civil Rights Act

15. Plaintiff incorporates by reference para. 1 - 11 set forth above.

16. Defendants' acts are a violation of Massachusetts General Law, Chapter 12, s. 11(i).

COUNT III - FALSE IMPRISONMENT/EMOTIONAL DISTRESS

17. Plaintiff incorporates by reference para. 1 - 11 set forth above.

18. Defendants' acts constitute false imprisonment which further constitutes extreme and outrageous conduct that has caused the Plaintiff severe emotional distress.

19. The above referenced acts constitute negligent infliction of emotional distress with resulting physical injuries.

COUNT IV - MALICIOUS PROSECUTION

20. Plaintiff incorporates by reference para. 1 - 11 set forth above.

21. Defendants' acts constitute malicious prosecution.

WHEREFORE, Plaintiff requests that the Court grant relief as follows:

12

1. Compensatory damages;

2. Punitive damages;

3. Costs of this Action, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

5. Such other relief as the Court deems appropriate.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES.

Plaintiff
by his attorney,

Valeriano Diviacchi, BBO #555940
Diviacchi Law Office
470 Atlantic Ave Suite 1100
Boston, MA 02210-2208
(617) 542-3175

DATED: 13 74 98

I HEREBY CERTIFY THAT TRUE COPY OF THE ABOVE WAS SERVED UPON ALL ATTORNEYS OF RECORD BY MAIL/FAX/HAND ON 13 74 98