EX 15

COPY

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Kenneth D Collins am a Police Officer in the City of Attleboro, Massachusetts. I have been employed as a Police Officer in the City of Attleboro for twenty-four (24) years. I have been assigned to the Detective Division of the Attleboro Police Department for seventeen (17) years. I presently hold the rank of Detective Sergeant. I am presently the Commander of the Attleboro Police Department Detective Division and have been so assigned for the past eleven (11) years. I have personally conducted hundreds of criminal investigations throughout my career as a Police Officer. I have also been charged with overseeing hundreds of criminal investigations conducted by my subordinates over the past eleven- (11) years. I have attended numerous courses of study related to criminal Investigations and Investigative techniques, including Narcotics investigations. The Massachusetts Criminal Justice Training Council, The Federal Bureau of Investigations, The Federal Drug Enforcement Administration and The Bristol County District Attorney's office, conducted these courses. I have also attended numerous seminars relative to criminal investigations sponsored by various police departments throughout the Commonwealth of Massachusetts. I have a Masters Degree in Criminal Justice. In my pursuit of a Masters degree I was required to take several courses in Psychology, Human Behavior, Behavior of Social Deviates, as well as Criminal Justice Courses.

In March of 1998 This affiant became involved in an investigation involving a failed relationship between Mr. Arthur D'Amario III and Ms. Debra A Sellers. Mr. D'Amario and Ms. Sellers met in July of 1996 they dated once and Mr. D'Amario attended a family cookout with Ms. Sellers. Ms. Sellers then decided she no longer wished to date Mr. D'Amario. Mr. D'Amario continued to phone and write letters to Ms. Sellers despite the fact she repeatedly asked him not to contact her. Ms Sellers exhausted all avenues she could think of to end her relationship with Mr. D'Amario. Mr. D'Amario simply would not leave Ms. Sellers in peace.

Mr. D'Amario harassed Ms. Sellers at home, and at work, by phone, and through the mail. D'Amario wrote to Ms. Sellers, he wrote to her former husband complaining about her, and he wrote to her mother complaining about her, and he wrote to her employer complaining about her. Mr. D'Amario did everything he could to make Ms. Seller's life miserable. Ms. Sellers applied for and was granted an Abuse Prevention Order by the Attleboro District Court. Mr. D'Amario violated the Abuse Prevention Order twice. He used his PRO SE status as a vehicle to send messages to Ms. Sellers asking her to meet with him. He would mail what he alleged to be legal motions to officials at the Attleboro Court. He would also mail a copy of his motion to Ms. Sellers, within his motion would be a message for Ms. Sellers to contact him. Mr. D'Amario was charged with the violations of the Abuse Prevention Order. On November 05, 1998 Mr. D'Amario appeared in Attleboro District Court for arraignment on charges alleging that he violated The Abuse Prevention Order. On December 17, 1998 Mr. D'Amario admitted sufficient facts to the violations of the Abuse Prevention Order. Mr. D'Amario received a sentence of eighteen months in the House of Correction, 37 days committed, the balance suspended with probation until June 11, 2001.

Ms. Sellers received a Halloween Card in her mailbox a couple days prior to Halloween, 1998. The envelope was stamped but not postmarked. This lead Ms. Sellers and this affiant to believe its sender placed the card in the mailbox. The envelope was typewritten in all capitol letters, the card read " Here's a little mystery- can you find a clue to solve the case of who it is who sends this card to you? I'm not going to sign my name or make a single mark- I'll just say happy Halloween... and leave you in the dark!" The envelope was type printed in all capitol letters; the address was centered on the envelope and double-spaced between lines. State Police processed the card and envelope, no readable fingerprints were found.

On January 15, 1998 Ms. Sellers contacted this affiant. Ms. Sellers stated that she had received an anonymous birthday card in the mail. Ms. Sellers and this affiant noted that this card was very similar in

COPY

15

appearance to the Halloween card Ms. Sellers received in October. The envelope was typewritten in all capitol letters. The address was centered on the envelope and double-spaced between lines. Both cards were Gibson greeting cards. The birthday card read " Hope you'll open your eyes to a bright, cheery day, The kind that brings blue skies and sunshine your way... For someone as special and caring as you Deserves to be happy your whole life through! This card had a typed message inside bottom " To a very beautiful Women Happy Birthday 63." Note: Nineteen Sixty-three is the year Ms. Sellers was born a fact which is known to Arthur D'amario.

Ms. Sellers stated that prior to her contact with Mr. D'Amario she has never received anonymous greeting cards. It should be noted here that throughout this ordeal Mr. D'Amario has shown extreme mood swings in his writings. He refers to Ms. Sellers in a derogatory manner, and then in the same letter he talks about how much he adores her. He often refers to her in his letters as cute or beautiful, as does the author of the anonymous birthday card. Greeting cards by nature are a very personal way to convey your feelings to someone, to remain anonymous defeats the purpose of the card. You send someone a greeting card to let him or her know you are thinking of him or her on a special occasion. If the Halloween card stood alone one could argue that the sender forgot to sign it, however the Halloween card, supported by the birthday card, shows the sender obviously intended to conceal their identity. A typewritten message in a greeting card is very impersonal. One who cares enough about someone to send them a greeting card, particularly a birthday card, most always adds a personal handwritten note to the preprinted message of the card to personalize the message. A typewritten message in this instance shows, the sender took the time to type a message, most probably to avoid having their handwriting recognized. The sender intentionally left the card unsigned. The purpose of these cards was not to wish Ms. Sellers a happy Halloween or a happy birthday. The purpose of these cards was to cause Ms. Seller's duress, which they did. The only person Ms Sellers knows who would like to cause her concern and duress is Arthur D'Amario. Mr. D'amario is also the only person Ms. Sellers knows who would have a good reason to leave the cards unsigned. Ms. Sellers has an active abuse prevention order against D'Amario, which he has violated two previous times.

Mr. D'Amario was incarcerated at The Adult Correction Institution in Cranston Rhode Island for a period of time in 1996. During this time period Mr. D'Amario wrote several letters to Ms. Sellers, which were hand printed and signed by him. In a letter dated August 17, 1996, Mr. D'Amario adds a postscript that reads " I've printed because you'd never be able to read my sloppy handwriting. I miss my Smith-Coronal "See attached addendum which is incorporated herein by reference." It is also noted that Smith-Corona is a major brand Typewriter manufacturer.

Mr. D'Amario is a frequent Pro Se litigant in the Rhode Island Court System, the Federal Court system and most recently frequent Pro Se litigant in The Massachusetts Court System. Mr. D'Amario's Pro Se legal filings, motions, etc. are type written, apparently by him and signed by him. This affiant has probable cause to believe that Mr. D'Amario owns a typewriter or other mechanical or electrical devise capable of producing print similar to that on the Halloween and birthday cards received by Ms. Sellers.

This affiant spoke with Mr. Allen Robbilard. Mr. Robbilard is a Qualified Expert Document Analyst. Mr. Robbilard advised this affiant that there are numerous methods of scientifically linking a document to the instrument that produced it. Mr. Robbilard advised this affiant that if, in fact the instrument is a typewriter of the cloth ribbon type, the entire message could be imprinted on the ribbon. A carbon ribbon may leave print that can be matched. Spacing and other unique characteristics can result in a positive match between a document and the instrument that produced the document. A computer may still have pertinent document information stored in memory. Based on this affiants conversation with Mr. Robbilard it was determined that the type of instrument which produces a specific printed document can not be determined unless an expert examines both the document and the Instrument that produced the printed document. It is for that reason that this affiant is requesting that a Search Warrant be issued for the home of Arthur D'Amario III to seize any and all instruments that are capable of producing a printed (lettering) type document. Items to be seized include but are not limited to typewriters, computers, word Processors, printers, typewriter ribbons,

COPY

15

computer discs, software and any other component or part of an instrument capable of producing a printed document.

Mr. D'amario is unemployed, he collects disability and he lives alone. It is reasonable to conclude that since Mr. D'Amario does not work outside the home he prepares the lengthy court filings previously referred to in the comfort of his home. Mr. D'Amario as recently as January 13, 1999 filed a four page typewritten Civil Action in The Attleboro District Court " See attached addendum which is incorporated herein by reference." This document contains print similar in appearance to that observed on the greeting cards Ms. Sellers received on Halloween and her birthday. An instrument which produces print is a nonperishable product, which usually affords the user many years of service. Such an instrument is not often discarded or disposed of unless it is damaged beyond repair. Based on the clarity and sharpness of this most recent document it is reasonable to believe that this instrument is in good working order. It is further reasonable to believe that this instrument is still in the possession of Mr. Arthur D'Amario at 11B High Street Smithfield Rhode Island.

This affiant has probable cause to believe that Mr. Arthur D'Amario possesses an instrument capable of producing print (lettering) the same type as that observed on an unsigned Halloween card and an unsigned birthday card received by Ms. Debra Sellers. Mr. Arthur D'Amario is the only person who has good reason (an abuse prevention order) to conceal his identity from Ms. Sellers. Ms. Sellers knows no one, other than Arthur D'Amario, who would send her a greeting card, taking pains to conceal their identity. Ms. Sellers has never received anonymous greeting cards prior to obtaining an abuse prevention order against Mr. Arthur D'Amario. This affiant further has probable cause to believe that the previously mentioned print (lettering) producing instrument is located at the home of Arthur D'Amario. Mr. D'Amario lives at 11B High Street Smithfield, Rhode Island.This affiant has probable cause to believe that examination of said instrument will confirm that this instrument is the instrument that produced said print. If infact it is confirmed that Mr. D'Amario possesses the print producing instrument which addressed the cards received by Ms. Sellers. Mr. D'Amario would be in violation of his probation, and he would, for the third time, be in violation of an Abuse Prevention Order issued by the Attleboro District Court.

This affiant respectfully requests that a Search Warrant be Issued for The apartment of Arthur D'Amario III 11B High Street Smithfield Rhode Island.

Printed Name of Applicant

Kenneth D Collins

Signed under the penalties of perjury

X [signature]

Sworn and subscribed to Before

X [signature]

Signature of Justice, Clerk Magistrate or Assistant Clerk

2/8/99

Date

ALBERT E. DEROBBIO