EX 18

# Memorandum

**To:** File

**CC:** Arthur D'Amario

**From:** ECR

**Date:** May 20, 1999

**Subject:** United States vs. Arthur D'Amario

On May 18, 1999, ECR met with Alan Robillard, who has a consulting business called Forensic Science Applications. Mr. Robillard was consulted by the Attleboro Police Department in connection with both issuance of the search warrant that resulted in the seizure of the gun in Arthur D'Amario's apartment as well as the analysis of the materials that were found in connection with the search, other than the gun. Mr. Robillard remitted the following to ECR, that he had been consulted by Detective Sergeant Collins of the Attleboro Police Department, who had been referred to Alan Robillard by the Bristol County DA's Office. Basically, Sergeant Collins wanted to know how you can identity an anonymous letter and there is a certain protocol which is applied. Mr. Robillard indicated to Sergeant Collins ahead of time that the likelihood of matching type was pretty slim. An analysis would depend on the evidence. If there was a cloth ribbon that was used in the typewriter there would be a small chance that you could find the typewritten message on the cards in question on the cloth ribbon. He needed to see the

documents as well as the typewriter ribbon. He needed to see the documents as well as the typewritten ribbon. He needed to see the typewriter with the ribbon a ribbon that had been found in the trash and several melon samples of Arthur D'Amario's typing. Mr. Robillard did indicate that he could have made an analysis based on upon the cards and the melon samples of Arthur D'Amario's writing, however, to make it conclusive, he would have needed the typewriter ribbons. Mr. Robillard did indicate that there was only tiny possibility the cloth ribbon have the message on it. He indicated that the statements made by Collins in the affidavit were the reverse of what is actually true regarding the ribbon and the carbon. A carbon would have a message, a cloth ribbon would not. He did indicate in the meeting that Collins was concerned chiefly with typewriting and in fact had identified the card as having typewriting on it. He did not mention a computer or bubblejet printer type of printing. He was concerned with typewriting. This would be relevant in terms of the search warrant where they had sought computer information when they had no evidence that a computer was in fact used in connection with the cards. Finally, ECR reviewed with him the statements at the end of the affidavit in which he mentions that there is probable cause that the typewriter that was to be ceased would have been the source of the typing on the cards and he said that there was no evidence of that prior to the issuance of the search warrant.

ECR/slc