EX 31



Court will only decide the motions now pending.

*Background*

This dispute arose directly out of an earlier action brought before this Court by the plaintiff, D'Amario, against the Providence Civic Center Authority [hereinafter "PROCCA"], and one of the named defendants, Frank J. Russo.

D'Amario was a freelance commercial photojournalist who photographed "rock" concert performers. D'Amario would consign his pictures to a commercial agency which in turn would sell the photos to entertainment-oriented publications. PROCCA frequently consented to and enforced a non-negotiable condition with performers that no photographs be taken of the performance. On several occasions, while this condition was in effect, D'Amario requested admittance to the Civic Center for the purpose of photographing entertainers, but was either denied access to the building or prevented from taking pictures.

Consequently, in May of 1983 D'Amario filed a complaint based upon 42 U.S.C. § 1983 against PROCCA and concert promoter, Frank J. Russo, alleging that such a deprivation was violative of his First Amendment rights of freedom of speech and freedom of the press. D'Amario sought declaratory and injunctive relief in addition to monetary compensation. On July 30, 1986, Judge Selya, then sitting as a District Judge, dismissed D'Amario's claim on the merits, ruling that PROCCA's "no camera" rule "does not impinge impermissibly upon freedom of speech or freedom of the press." *D'Amario v. Providence Civic Center,* 639 F.Supp. 1538, 1544 (D.R.I. 1986), *aff'd,* 815 F.2d 692 (1st Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 172, 98 L.Ed.2d 125 (1987).

The events leading up to Judge Selya's July 1986 decision are the subject of this action and were the basis for an identical claim brought by D'Amario before the Superior Court of Rhode Island in June of 1986. D'Amario's claim before the Superior Court was dismissed, however, in March of 1987 for his willful disobedience of court orders—i.e. failing to comply with court ordered discovery.

*Complaint*

The instant action is simply a refiling of the complaint brought before the Superior Court. D'Amario's complaint in four counts is against defendants, Frank J. Russo (hereinafter "Russo"); William Blackwell; The Distance, Inc.; Punch Enterprises; Capitol Records, Inc.; Harrison Funk; Gail Roberts (hereinafter "Roberts"); RTC Management (hereinafter "RTC"); and Jeff Ross. Counts I, II, and III are state civil actions brought on the heels of Count IV, a federal civil rights action. Count I alleges that the defendants libeled D'Amario. Count II alleges that the defendants breached contractual obligations with D'Amario, and Count III alleges that defendants' conduct resulted in the tortious interference with D'Amario's business relationships.

Count IV, the main thrust of D'Amario's action, purports to state a claim under 42 U.S.C. §§ 1985 and 1986, and alleges that, *inter alia,* the named defendants conspired to influence Judge Selya's decision through the alteration of evidence and the giving of false testimony. D'Amario asserts that his constitutional rights as provided by the First, Fifth and Fourteenth Amendments were violated. Yet, plaintiff fails to specify how defendants transgressed his rights. This Court can only assume that plaintiff's claims are based upon the following assertions: (1) that plaintiff was deprived of his rights of freedom of speech and freedom of the press as provided by the First Amendment of the United States Constitution; (2) that plaintiff was deprived of the right to due process in conjunction with the right to a fair trial as provided under the Fifth Amendment of the Constitution; and (3) that plaintiff was deprived of the right to equal protection of the laws under the Fourteenth Amendment of the Constitution.

Defendant Russo asserts that D'Amario's complaint should be dismissed for the following reasons: (1) based upon Fed.R. Civ.P. 12(b)(6), plaintiff has failed to assert