UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES

v. No. CR 99-024

ARTHUR D'AMARIO

MEMORANDUM

Last week Defendant moved under Rule 33 for a new trial based on 46 exhibits proving that the entire Circuit is biased and the search warrant invalid. This case was wrongly decided. Defendant now supplements his Rule 33 motion with additional evidence newly discovered in June 2008.

Rule 33's time constraints are non-jurisdictional and the government may forfeit any objection. Eberhart v. U.S., 546 U.S. 12, 19 (2005). It is anticipated that the government, presented with hard proof of Ed Roy's fraud and incompetence, will, in the interest of justice, waive objection to the question of timeliness.

The newly discovered evidence, a state transcript from May 31, 2000, indicates Ed Roy's hostility toward Defendant, which was already present in March 1999 (a factual issue necessitating hearing). The transcript shows Roy's willingness to lie to judges so that Defendant is harmed and stuck in prison.

Defendant never knew the date of the Superior Court hearing until he was served with docket entries by the State in D'Amario v. Lynch, C.A. No. 5-cv-236S (D.R.I.), in late 2005. But by that time he had no money.

In April 2008 a court reporter notified Defendant that the hearing had already been transcribed, and a copy could be purchased for just $16.50. In May 2008, Defendant's sister agreed to pay for it. (The Sphinx-like Roy never told Defendant what had occurred in court on May 31, 2000.) That transcript is newly discovered evidence of attorney fraud.

The hostility Roy felt for Defendant affected the entire case, which is why Roy was unprepared and wasted the Franks hearing of Oct. 21, 1999. He established no facts that day. A pretrial suppression hearing is a critical stage at which the right to effective assistance of counsel attaches. Henderson v. Frank, 155 F.3d 159, 166 (3d Cir. 1998). "A violation of a defendant's right to counsel at a critical stage is a structural error, and is therefore not subject to an analysis of whether the error was harmless or prejudicial." Benitez v. U.S., 521 F.3d 625, 630 (6th Cir. 2008).

Roy was before Judge Clifton on May 31, 2000, on a Rule 35(c) motion to reduce the state sentence to one day, which would have freed Defendant immediately. Why were the "concurrent" sentences run consecutively?

Attached is p. 7 of the sentencing transcript from March 13, 2000. The State wanted 18 months, but "after conference" with Roy, agreed to a time-served term of 13 months. The drop to 13 months was Roy's idea. Why?

Minutes before the March 13 sentencing, Roy and Defendant had another loud, profane argument in the courthouse lockup (another material fact that needs to be established at a hearing). As Roy stormed away, he yelled, "You're gonna get consecutive sentences!" He then "conference[d]" with the State, and asked for time-served.

In an affidavit filed June 2000 in D'Amario v. Bailey, C.A. No. 00-cv-2400-JEI (D.N.J.), Dennis Melick of FCI Fort Dix blamed Roy for the consecutive sentences. Melick testified that had both the federal and state sentences been 18 months, he'd have run them concurrent. But because of the time-served aspect of the RI term, only one sentence existed when Defendant arrived at Fort Dix. Two were needed for concurrency.*

The "error" in the computation was Roy's design; his mistake.

At the Rule 35(c) hearing of May 31, 2000, the State told the judge it had no objection to a sentence reduction (TR 2-3). Yet it was Roy who jumped in and misrepresented that the problem was with the federal sentence (TR 9). That's false. A judge and prosecutor were willing to let Defendant out of prison that day, and Roy opposed them!

* Roy mentioned Miss Hernandez of Fort Dix's Records Office. Defendant spoke to her on or about June 6, 2000. Hernandez squarely placed the blame for the loss of jail credit on Roy's request for a time-served sentence.

Roy lied to Judge Clifton about what Melick told him on May 22, 2000. According to Roy, Melick said a state sentence must be "one day" to effect concurrency (TR 2). Melick never said that in his Affidavit. Nor did Melick say the state must release the inmate on personal recognizance (TR 8).

Attached is the Aug. 2, 2000, order of BOP's N. Central Regional Office for double jail credit. The Regional Director granted a nunc pro tunc designation as authorized by 18 USC § 3621(b). A "one-day" sentence wasn't needed, nor personal recognizance. Roy made that stuff up. Also, Defendant qualified for "Willis" dual jail credit, because a federal detainer was applied to a bailable state offense. See Rios v. Wiley, 201 F.3d 257, 272 n.13 (3d Cir. 2000) (listing some of BOP's double crediting policies). BOP may also enforce a state judge's order for concurrent sentencing, under p.s. 5160.05, § 9(b)(5) (explained in U.S. v. Eccleston, 521 F.3d 1249, 1256 (10th Cir. 2008) (Lucero, J., dissenting)). In light of these cases, policies and statutes, Roy could not have been quoting Melick accurately. He was trying to confuse Clifton.

Roy even misstated that a Court of Appeals must order double credit (TR 2). The absurdity of that remark is highlighted by U.S. v. Wilson, 503 U.S. 329 (1992), which held that sentencing courts cannot grant jail credit.

Instead of simply joining the State in having the RI sentence reduced to one day, Roy misled Clifton that a "more expeditious remedy" existed in federal court - a § 2255 motion (TR 8). Defendant's direct appeal was pending in the First Circuit (No. 00-1466) and Roy was counsel of record. A § 2255 motion can't be heard during pendency of direct appeal. Kapral v. U.S., 166 F.3d 565, 570-72 (3d Cir. 1999). Nor was § 2255 a "remedy." "Any judicial review of the computation of credit against a sentence must be made, not by the sentencing court, but by habeas petition in the district where the inmate is confined." U.S. v. Jenkins, 541 F.Supp.2d 822, 824 (W.D.Va. 2008).

The Rule 35(c) motion was all for show. Roy rigged consecutive sentences, lied about what Melick said, distorted the law and misfiled a § 2255 "remedy" in the wrong court. He could have just let Clifton change the term to 1 day.

Defendant was denied counsel throughout this case because Roy hated him. This evidence, and the 46 exhibits, warrant full hearing before a new judge.*

DEFENDANT, pro se,

Arthur D'Amario III

*Defendant has filed a motion for recusal of the entire Circuit in No. 01-cv-0097, pursuant to 28 USC §§ 144 and 455, and similarly insists upon recusal here, too. He's produced evidence that Judge DiClerico and Chief Judge Boudin have been assisting NJ prosecutors to maintain his custody.