STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE Sc. SUPERIOR COURT

STATE OF RHODE ISLAND :
:
:
-vs- : P2/96-0548A
:
:
ARTHUR DAMARIO :

HEARD BEFORE MR. JUSTICE CLIFTON

ON MARCH 13, 2000

APPEARANCES:

KATHLEEN M. KELLY, ESQUIRE
Assistant Attorney General. . . . . . . FOR THE STATE

ED ROY, ESQUIRE . . . . . . . . . . . . FOR THE DEFENDANT

ATTACHMENT "C" (11 pages)

has held consistently with decisions by the United States Supreme Court, and by other Circuits of the United States Courts, that even evidence which may be "illegally seized," could be considered properly by a Judge to determine if, in fact, a person is a violator, based upon the conviction in the United States District Court.

This Court declares the defendant to be a violator of the sentence which was imposed in P2/96-548. I will ask the State for its recommendation.

MS. KELLY: Judge, the State was originally recommending 18 months to serve. However, after conference, we are recommending that Mr. Damario be given credit for the time that he has served up until this point, and we're asking simply that that be noted. And my understanding is that he will start to serve his Federal sentence.

THE COURT: Mr. Roy.

MR. ROY: I would join in the State's recommendation regarding my client be sentenced to a sentence to time served, and I ask the Court to put on the record that it is the Court's intention that the Federal sentence be served concurrently, or the State's sentence be served concurrent with any

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Superior Court
OFFICE OF COURT REPORTERS
Providence County Courthouse
Providence, R.I. 02903

April 3, 2008

Mr. Arthur D'Amario
F.C.I. Englewood
9595 W. Quincy Avenue
Littleton, CO 80123

Re: Transcript Request
State v. D'Amario, P2-1996-0548A

Dear Mr. D'Amario:

This letter is in response to your request dated March 30, 2008 regarding an estimate of a motion to reduce sentence heard before Judge Edward Clifton on May 31, 2000. Mrs. Edwina Butkins was the Court Reporter at that time, however, she has since retired. At her request, I have looked up this matter for you.

It appears that the above-mentioned motion to reduce sentence has already been typed and is eleven (11) pages in length. Since this matter has already been typed, a copy price would be $1.50 per page for a total of $16.50.

If you are interested in being provided a copy of this transcript, you can send a check to the Court Administrator's office in the amount of $16.50 made payable to Edwina Butkins referencing the above-entitled matter with an address of where this should be mailed.

Lisa L. Kelly,
Certified Court Reporter

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE Sc. SUPERIOR COURT

STATE OF RHODE ISLAND :
:
:
-VS- : P2/96-0548
:
:
ARTHUR D'AMARIO :

HEARD BEFORE MR. JUSTICE CLIFTON

ON MAY 31, 2000

APPEARANCES:

GENEVIEVE ALLAIRE JOHNSON, ESQUIRE
Assistant Attorney General. . . . . . . FOR THE STATE

EDWARD C. ROY, ESQUIRE. . . . . . . . . FOR THE DEFENDANT

# C E R T I F I C A T I O N

I, Edwina M. Butkins, hereby certify that the succeeding pages, 1 through 9 inclusive, are a true and accurate transcript of my stenographic notes.

Edwina M. Butkins

Edwina M. Butkins LLK.
Court Reporter 5-28-2008

MAY 31, 2000

MORNING SESSION

THE CLERK: Arthur D'Amario.

MR. ROY: That's ready, your Honor, motions.

THE COURT: Mr. D'Amario in the building?

THE SHERIFF: No.

MR. ROY: He's in Fort Dix, New Jersey in Federal custody at this time.

THE COURT: Ready formal.

THE CLERK: Page 3, Arthur D'Amario. The matter before the Court is State of Rhode Island versus Arthur D'Amario P2/96-0548 on a motion to reduce sentence. Counsel identify themselves.

MS. ALLAIRE JOHNSON: Genevieve Allaire Johnson.

MR. ROY: Ed Roy.

THE COURT: Mr. Roy, you filed a motion on behalf of Mr. D'Amario in this matter.

MR. ROY: Yes, if I can outline the basis for filing that motion. The record is pretty clear that your Honor sentenced Mr. D'Amario in March to a time served sentence and the Court directed, as I recall, that the sentence was to run concurrently with the Federal sentence that he was sentenced on the previous Friday. And I learned --

THE COURT: Just a moment. Can I see the Court

file on this matter.

THE CLERK: Yes.

THE COURT: All right. You may continue.

MR. ROY: Basically is that the problem is that the Federal system, in speaking with the Fort Dix authorities on May 22, refuse to give effect to the Court order that this be run concurrently. I disagree with their interpretation. They're saying they can only give credit for one term at a time. You can't run it concurrently unless he is ordered by a Court of Appeals, or something like that. They are refusing to give credit to your Honor's sentence of running concurrently.

His Federal sentence began open March 13th. According to Fort Dix, he wouldn't complete that until July of 2001. If your Honor would be given effect, he would be released in July of 2001. I'm asking your Honor to reduce the sentence one day so he could be out of the Court system, hopefully, for good.

MS. ALLAIRE JOHNSON: The State had actually asked that the Court sentence the defendant to consecutive time in this matter. However, the Court sentenced the defendant to concurrent time. In fairness to the Court, whatever the Court has to do to carry out your wishes.

THE COURT: Say that one more time, please.

MS. ALLAIRE JOHNSON: The State, your Honor, had asked that the Court impose consecutive time on this defendant to the time that he was serving from the Federal sentence. The Court, however, did impose - my understanding is that it did impose concurrent time and expected to impose concurrent time. So, I would submit to the Court, whatever the Court needs to do to carry out its intentions would be appropriate at this point.

MR. ROY: I did speak, your Honor, to a Ms. Hernandez at Fort Dix on May 22 and her supervisor, a man by the name of Dennis. And, one, they indicated if the Court reduced the sentence as I have prayed for in the motion, that would, in effect, give Mr. D'Amario credit for the time he served in Rhode Island and would alleviate the problem, Judge.

THE COURT: Mr. Roy, you have handed up a document entitled Sentencing Monitoring Computation Data, and this is dated as of May 22 the year 2000. Presumably, this is a document that is maintained in a computer base of the Department of Justice, the Bureau of Prisons.

MR. ROY: It is my understanding that it is, Judge.

THE COURT: And I'm looking at this particular document and it refers to the sentence that Mr. D'Amario received by Judge DiClerico.

THE COURT: And it indicates the sentence imposed was 18 months, supervised probation a term of three years. But I do not see anything in here which indicates that the United States Bureau of Prisons, the United States Department of Justice, or anyone else connected with the United States government has indicated that it intends to make Mr. D'Amario's sentence that this Court imposed to run consecutive to the sentence he received in Federal Court.

MR. ROY: If you look at Page 2 of the form where it says the date computation began, it's about a third of the way down. It says 3/13/2000. I believe that's the date your Honor sentenced Mr. D'Amario in this Court, and I think you gave him a time to serve - something along the line of 386 days. I think that's why 3/13/2000 is in there. I did speak to a man, I can represent as an officer of the Court, they are aware of the time to serve. I don't have any subpoena power over the prison system in Fort Dix, New Jersey. That's the reason I understand why 3/13/000 is on there, because that's when your Honor relinquished control of Mr. D'Amario.

THE COURT: The sentence Mr. D'Amario received as a result of this conviction in Federal Court was what?

MR. ROY: 18 months, Judge.

THE COURT: And he was sentenced by Judge DiClerico on what date?

MR. ROY: I believe it was March 9th. I have a copy of the judgment. I believe it was March 9th, Judge. March 10th, I'm sorry. It was the Friday before your Honor sentenced him.

THE COURT: On the first page of the document you handed up, it indicates sentence - a sentence 3/29.

MR. ROY: The reason for that is the Federal Court is a little different from this Court, as your Honor is aware, and they are referring to the Judgment of Conviction being signed. In other words, you can impose a sentence on a certain date, but until the 15 page form is filled out, they count that as the date of judgment for appeal purposes. I have a certified copy.

THE COURT: Well, I don't dispute anything that you're saying, Mr. Roy. I guess my question is, and I will accept your representation as to what you communicated that these individuals at Fort Dix have said, but I just don't see anything in writing to say that that is in fact what they are doing. And what I

am concerned about, frankly, is as follows: We have separate sovereignties. The State of Rhode Island is a separated sovereignty from the United States. Mr. D'Amario was on a suspended sentence in P2/96-548, during which time he committed an offense in violation of Title 18 of the United States Code.

Mr. D'Amario was presented as an alleged violator in the Superior Court based upon the commission of that offense. This Court acceded to the request by yourself and Mr. Goulart that we defer adjudicating Mr. D'Amario on a violation until this matter was finalized in the Federal Court. Once the conviction was obtained in the Federal Court, then this Court went further, went on to declare Mr. D'Amario as a violator, and then went forward to impose a sentence upon him.

Certainly, at that point in time it was this Court's belief, and I believe your belief also, as well as Mr. Goulart, that Mr. D'Amario would not be facing consecutive jail time. Based upon that, this Court imposed this concurrent 386 days that it did. But now, based upon some interpretation by someone, somewhere, the mix has changed, and I'm concerned that of a number of reasons whether this Court, one, should be deferring it's adjudications of individuals who

find themselves in this dual prosecution issue. And whether, more importantly, why should not the courts of Rhode Island be entitled to impose a sentence upon a defendant for whom it has jurisdiction over, and the consequences of that are collateral to what he received in the Federal Court than from here.

I guess my question really boils down to how many laws must we take into consideration before I impose a sentence in Rhode Island, or he had gone to Nova Scotia or Bosnia. And if it follows one of those things, that I'm going to suppose to go back and revisit my sentence.

MR. ROY: Everything you said I agree with. You have represented the many courtesies that you extended.

THE COURT: And Mr. D'Amario.

MR. ROY: That's correct. He is the person who is affected by this, obviously, because his liberty is being restrained right now. If it isn't straightened out, he'll do an extra year in jail that was not contemplated by anybody that that would be a consequence of his conviction. And everything the Court said is accurate. I can't dispute anything. I think your Honor's intention was to impose a concurrent sentence. Unfortunately, to operationalize

that, the word "concurrent" is not the correct way to do it.

The Federal authorities tell me even though you are held without bail Federally, the States would have had to set bail on personal recognizance, so the State hold would have been alleviated. We didn't know that back in February of '99, when I got involved with this. I never had this problem arise to this level. The way to give effect to what your Honor wanted to do is reduce the sentence.

THE COURT: Let me ask you this question. Is there also a potential remedy in the Federal Court?

MR. ROY: There is, your Honor, but it is much longer, and unless the sentence will expire June 6th if he gets credit.

THE COURT: Of what year?

MR. ROY: 2000, next week. I have prepared a petition under Rule 18 United States Code 22 - United States Code 2255 addressing this problem, and there is case law that supports it. But I did this, Judge, first because this would be a more expeditious remedy. This will take several months, and eventually, I think well within, based on case law, an extra two, three months of jail that this gentleman would have to serve. I am doing this as I am a Court-appointed

lawyer. I'm just doing it to get a difficult defendant out of the system. If your Honor denies the motion, I will march over to Federal Court and file this. I'm trying to expedite this. He'll no longer be on probation in Rhode Island and, hopefully, stay out of the system forever.

THE COURT: The problem is not the Rhode Island sentence.

MR. ROY: You are correct. Judge DiClerico recommended credit for time served.

THE COURT: I'm going to deny the motion without prejudice, to allow the defendant an opportunity to seek a remedy in the Federal system.

MR. ROY: All right, Judge. Thank you.

THE COURT: Thank you, Mr. Roy.

**********************

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

*Kansas City Regional Office*
*Tower II, 8th Floor*
*400 State Avenue*
*Kansas City, Kansas 66101-2492*

NUNC PRO TUNC

August 2, 2000

| | | |
|---|---|---|
| Inmate's Name | : | D'AMARIO, ARTHUR |
| Register Number | : | 02989-070 |
| Offense | : | 18 U.S.C. 922(g)(1) Felon in Possession of a Firearm, |
| Sentence | : | 18 Months |
| Judicial District | : | District of Rhode Island |
| Sentence Begins | : | March 10, 2000 |
| Release Date | : | |
| Designated Facility | : | Rhode Island Department of Corrections. |

Warden:
Federal Medical Center
Rochester, MN 55904

We are providing this designation to affect concurrent state and federal sentences, and have designated the above facility for service of the federal term.

REVIEWED AND RELEASED BY

If this designation provides additional prior custody/jail time credit as outlined in Bureau of Prisons Policy, please apply.

NCRO LEGAL OFFICE

Sincerely,

(for)
G.L. Hershberger, Regional Director