# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Rhode Island |
|---|---|
| Name (under which you were convicted): Arthur D'Amario | Docket or Case No.: CR99-24 |
| Place of Confinement: FCI Englewood, 9595 W. Quincy Ave., Littleton, CO 80123 | Prisoner No.: 02989-070 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Arthur D'Amario |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: D/RI at Providence

   (b) Criminal docket or case number (if you know): CR 99-024

2. (a) Date of the judgment of conviction (if you know): Dec. 22, 1999

   (b) Date of sentencing: Mar. 10, 2000

3. Length of sentence: ten years

4. Nature of crime (all counts): 18 USC § 922(g)(1)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: 1st Cir.

(b) Docket or case number (if you know): 00-1466

(c) Result: aff'd

(d) Date of result (if you know): Feb. 12, 2001

(e) Citation to the case (if you know): 2 Fed.Appx. 25

(f) Grounds raised: Fourth Amendment violations

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒ (The court won't accept anything from me.)

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: ______________________________

(5) Grounds raised: ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: ______________________________

(8) Date of result (if you know): ______________________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______________________________

(2) Docket or case number (if you know): ______________________________

(3) Date of filing (if you know): ______________________________

(4) Nature of the proceeding: ______________________________

(5) Grounds raised: ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: ______________________________

(8) Date of result (if you know): ______________________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: ______

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: The evidence was inadmissible under the Fourth Amendment and the indictment should have been dismissed.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The police who executed the search warrant on 2/8/99 committed the "crime" described in the warrant application and never had probable cause to suspect me. (See attached fact sheet.)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ (This court won't accept anything from me.)

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

GROUND TWO: Ed Roy rendered ineffective assistance at the Oct. 21, 1999, suppression hearing and all other stages, concealed a conflict and compromised my Faretta rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): AUSA Ed Roy was a RI State Police advisor and informant who took the case to cover up their friendship and involvement with Debra Sellers in framing me, and to shield them from civil liability. Roy conducted no investigation or discovery and established no facts, then continued to act as counsel while I was pro se. (See attached fact sheet.)

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: ______

The First Circuit won't hear ineffective assistance claims on direct review.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ (This court won't accept anything from me.)

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

GROUND THREE: Venue was improper, the court was biased, and judicial personnel engaged in fraud to influence the decisions.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I discovered in 2007 that CUSPO Weiner assisted police and Attleboro PO Jeff Wordell in framing me with the anonymous greeting cards they mailed to Debra Sellers. Weiner and Clerk DiMarzio circulated derogatory, libelous, ex parte memos about me to the judges hearing my case, including DiClerico, Smith and Young. They made secret, defamatory phone calls about me to BOP staff at SPG July 2005 and at BUT in Aug. 1999. They and 1st Cir. Justices Boudin and Torruella colluded with my NJ prosecutor in 2000-01, volunteered to be witnesses against me, leaked confidential records of mine to AUSA Goldklang, assigned USMS to "track" me, spy on my phone calls and mail, and instigate miscalculation of my jail credit, and threatened a quack physician, "Dr." Olnes, to falsify my medical records and destroy the legitimate records from other physicians. I had already been banished from this court prior to 1999.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ed Roy failed to raise the issue in district court because he's incompetent and conflicted. There was no record to present to the Circuit.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ (This court won't accept anything from me.)

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________

GROUND FOUR: I've been denied fair and standard procedure throughout the proceedings in violation of the Fifth and Eighth Amendments, and all prior orders are void.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Biased and corrupt judges like DiClerico, Smith and Boudin have yielded to the old policy created in 1989 by Lagueux in No. 89-0011L of effectively banishing me from all processes and tormenting me. All sound legal theories I raise are distorted. The court ignores all evidence and takes its phony "facts" from the unsupported oral argument of lying government lawyers. Hearings on factual issues like those raised here are never allowed. My case files are tampered with and binding Circuit precedents flouted. My legal theories are grossly distorted to make me look stupid and criminal. I'm given no opportunity to gather and present evidence held by the government, or to testify or cross-examine. Lagueux has encouraged his cronies like DiClerico to continue harassing me for having filed complaints in the 1980s

against crazy, drunken lawyers (John H. Hines and Richard A. Brousseau) and dishonest, mob-connected judges (Selya, Gemma, DeRobbio). This court blacklisted me in 1989.

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ed Roy didn't raise the issue in the district court. It was barred from review.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ (This court won't accept anything from me.)

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: I have not formally presented any ground in a federal court for the reason that I've been blackballed throughout the crooked federal system since 1989, when Lagueux went nuts and replaced my pro se complaint in C.A. No. 89-0011L with a defective counterfeit to cheat me and benefit his personal friends like Jay S. Goodman. No federal court from 2001-08 has honestly accepted my pro se postconviction pleadings for filing and adjudication. The time for filing this petition has been equitably tolled since direct review was denied 2/12/01, because I'm blacklisted and couldn't access the court.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒ (I'm not allowed in any courtrooms.)
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: n/a Suppression hearing: AUSA Ed Roy

(b) At arraignment and plea: George West

(c) At trial: pro se

(d) At sentencing: AUSA Ed Roy

(e) On appeal: pro se

(f) In any post-conviction proceeding: n/a

(g) On appeal from any ruling against you in a post-conviction proceeding: n/a

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* On various dates throughout 2007 and 2008, I was assured by my RI and NJ lawyers that I've been blackballed out of this corrupt court and that its judges had joined in such an agreement prior to my 3/3/99 indictment. I discovered in 2007 that Judge DiClerico, while presiding over D'Amario v. USA, No. 01-cv-0097 (D/RI), was asking his Marshals and the chief of police in his hometown in NH to "track" me, to "protect" him from me, and had secretly influenced BOP, through DUSM Mike Wattick, to miscompute my jail credit. Ed Roy told me DiClerico is a bad judge. Lori Koch told me he's a liar and a sneak. Charles Tamuleviz said DiClerico and Smith just want to keep jamming me up with jail sentences. Andrew Horwitz told me the judges nullified my U.S. citizenship and that they're ganging up on me. Sen. Mike Flynn said they hate me and that their pursuit of me is "relentless." Matthew Sellers told me his wife Debra has "personal friends" in the RI judiciary whom she'd asked to "take care of" me. Newly obtained USMS logs released under FOIA prove that Boudin and Torruella were illegally leaking my confidential Judicial Council records to NJ prosecutors, then lying about it to cover up so they could continue pretending to be impartial while they hacked up all my appeals and distorted the facts and law. These corrupt judges promised Ed Roy a RI judgeship in exchange for his cooperation in setting me up. They hired a "CI" in Tucson in 2004 to stalk and spy on me. They threatened Andrew Olnes at FMC Roch 8/2/00 into falsifying my medical records and destroying a Risk Assessment report and records of Dr. Sigurdson. In D'Amario v. Russo, 718 F.Supp. 118 (D/RI), Lagueux removed my pro se complaint from the file and replaced it with a forgery, fully aware that the Circuit would cover up the crime and U.S. Atty. Almond wouldn't prosecute him. I've been banished and blackballed ever since. I had no meaningful right of access to this fake, fraudulent court in 2001 when the judgment became "final." The time for filing for § 2255 relief has been equitably tolled during the entire period of banishment and remains tolled until an impartial judge from without the First Circuit is assigned.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: reversal of conviction based on my Fourth Amendment defense and Kaufman v. U.S., 394 U.S. 217 (1969), plus fees and costs

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on Sept. 2, 2008 (month, date, year).

Executed (signed) on Aug. 30, 2008 (date).

[signature]

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# PETITIONER'S ITEMIZED FACTS IN SUPPORT OF HIS CLAIMS IN GROUNDS ONE & TWO

Probable cause for a warrant to search my home did not exist on 2/8/99 because:

The "crime" named in the warrant was committed by Lt. Bussiere and Sgt. Collins themselves. They wrote the crank letters to Debra Sellers to frame me for a probation revocation in retaliation for having been served summonses 7/28/98 in D'Amario v. DuFort, #98-cv-11331-MEL (D.Mass.) (a case against them that I won over a previous false arrest). The DNA on the anonymous cards was deposited by Bussiere. The fingerprints are from Bussiere and Collins.

Collins lied repeatedly in his warrant application. The typeset was not "similar" to mine. I had not been convicted of restraining order violations in 1998. Sellers never alleged that I was "harassing" and "calling" her. She told police 10/31/97 and again 2/4/99 that I never contacted her and that I was being falsely accused of those charges by Asst. DA Chris Markey.

Collins lied that Middleboro State Police did fingerprint tests and found none. They never tested the DNA or looked for fingerprints to avoid incriminating police.

Alan Robillard is a fraud who was involved in the FBI crime lab corruption scandal of the mid-1990s, is not board certified, and does not have his work reviewed by peers, nor is he subject to regulations and rules of the profession. Robillard withheld crucial information from the court 10/21/99 to benefit his employers, the police. He had the ability to link the cards' typeset to that used by Lt. Bussiere and Sgt. Collins in '98-99. He concealed that. Robillard conspired with police to trump up phony grounds for a warrant by not performing his analysis until after the 2/8/99 raid on my home, when standard police procedure called for a document examination before seeking a warrant. Robillard had the means and knowledge to eliminate me as a suspect prior to 2/8/99 without seizing my irrelevant typewriter.

Asst. DA Markey referred police to Robillard out of malice, in retaliation for my Dec. '98 Bd. of Bar Overseers complaint against him. Markey knew Robillard was a fraud who falsifies reports and conducts biased investigations to favor prosecutors.

Police omitted from the warrant application that Sellers and a RI State Trooper had told them in 1996 that I own a handgun, and that their search was a pretext to find the firearm.

Police entered my home when a warrant could not issue over a nonviolent, suspected misdemeanor, and when RI law did not allow Sellers' no-contact order to be enforced there, as she'd not complied with RIGL § 15-15-8(c, d). Police entered without knocking and announcing.

The orders they were purportedly enforcing from Attleboro were null and void for want of jurisdiction. The DuFort suit required Collins and Bussiere to disqualify from later incidents.

Police abused the warrant by ransacking my entire apartment, looking in my toilet tank, oven, toaster oven, microwave, freezer, drawers, cupboards, medicine cabinet, stove, boxes, duffle bags, pockets, ceiling tiles, and through my bedding and laundry.

Police did not know I had a RI felony, were unaware of 18 USC § 922(g), and told Prof. Horwitz over the phone during the search that the firearm was legal. They needed 3 or 4 additional days of post-seizure investigation to learn it may be illegal under federal law.

The seizure was illegal because I have a Second Amendment right to own the firearm, even with a nonviolent felony record under RI law, nor was I notified at Superior Court sentencing 10/8/96 that RI statutes are misleading and in conflict with § 922(g).

The scope of the search was illegal. Even if police could seize the typewriter, once they did so they had to stop. They procured an overbroad warrant by misleading Judge DeRobbio as to how the cards were created when they knew they'd done it on a conventional typewriter. Nor did they disclose to him their friendship with Sellers and awareness that she was harassing me with an endless array of false accusations and false criminal complaints because she's mentally ill and bipolar.

Judge DeRobbio was not neutral and detached. He hated me and was overheard by lawyers on 8/30/95 making derogatory remarks about me at the Judicial Nominating Comn.'s public hearing. After the raid, DeRobbio ordered his clerk not to release any records to me, even though they are public and exculpatory. He granted an overbroad warrant in retaliation for my appearance at JNC when I successfully opposed Judge Israel's bid for RI Supreme Court.

Ed Roy was conflicted, and rendered ineffective assistance, because:

He conducted no discovery. He omitted exculpatory records of Smithfield Police Dept. that would have suppressed the evidence. He did not take action when Attleboro Police failed to comply with a subpoena duces tecum. He never even procured the anonymous cards, or had them subjected to forensic testing of the fingerprints and DNA. At the suppression hearing, he failed to establish facts and wasted the opportunity for cross-examination. Nor did he know Fourth Amendment jurisprudence and procedure, failing to even file an affidavit to obtain a full FRANKS hearing.

Roy would not interview and call Prof. Horwitz, even though Collins and Catlow had told Horwitz the firearm was legal.

Roy was conflicted in that he was a lawyer and advisor, and informant to, RI State Police, and always knew they were involved in my frame-up due to their friendship with Sellers. Roy was conflicted in that he hated me even before he got the case, and was looking to sell me out with a weak performance to increase the likelihood that he'd get a judgeship.

When the relationship broke down in April 1999, Roy breached a duty to withdraw, and instead chose to stay in the case for the malicious purpose of acting against my interests in revenge for an argument on 4/19/99.

Roy undermined my FARETTA rights by continuing to act as counsel and having ex parte consultations with DiClerico, and then lying to me in relaying messages from DiClerico and AUSA Browne.

Upon information and belief, in 2000, if not by 1999, Roy took a bribe from executives at Motorola to make intentional errors at sentencing and then turn "snitch" to keep me in prison forever, so the "crime" can never be solved in RI and MA courts that I can no longer physically attend. It was Motorola that arranged the RI and MA police to harass me on behalf of its employee, Sellers.

Roy was unfit to practice law in 1999. He suffers from severe personality disorder and narcissim which renders him unable to assist a client. These mental defects cause Roy to lose control and harm any client who disagrees with him or won't plead guilty.

Roy severed the relationship in April '99 when he stopped speaking to me. He would no longer visit me or take my phone calls, and ordered his secretary to constantly lie to me. As "stand-by" counsel, Roy did nothing for me at all, and never met with me between trial and sentencing.

These claims of ineffective assistance and Fourth Amendment violations are fact-dependent and necessitate an evidentiary hearing. That is normal procedure, which this stupid, amateurish Mickey Mouse court can't understand. I'm entitled to have discovery and subpoena power to collect state-held evidence to prove my allegations - something this court is too dumb to comprehend.

The judges of this court have reserved justice for the pigs of RI society who don't deserve it, like the thugs in the RI Attorney General's Office and Mafia hitmen and kingpins who own good restaurants where the judges get the best tables. Guys like Ed Roy and CUSPO Barry Weiner personify the piggies to whom bad judges allow every wish. This is a court with no credibility whose skewed opinions are ignored by all other Circuits. No judge of this court is even qualified as they are political hacks who served as Gov. Chafee's valets in 1968. Judge Selya proudly cavorts with mobsters, as did Gemma and Bevilacqua. DiClerico, who is just a spineless follower, has no authority to hear my case and to deny me the benefit of the law because it's policy. Weak and stupid judges enter invalid judgments. I have a constitutional right to a genuine court presided over by an intelligent, objective arbiter.

When I write the court all spring and summer in 1999 to say I want to discharge Ed Roy of the State Police and proceed pro se, the court must promptly hold a hearing to determine if the relationship has broken down. That wasn't done because Roy is a connected insider planted on me to obstruct justice and expect a reward. I insist that proper procedure be followed. I want my hearing to complain about AUSA Roy and how he's making me the patsy. As Prof. Dershowitz said in Reversal of Fortune, these RI courts are "a cesspool of corruption." To win, one must dance the "RI Shuffle." Those requirements are unconstitutional.

I've been denied due process for ten years because Lagueux is a dangerous, heavily-medicated psychotic who poisoned the well as of 1989 - a fact Ed Roy understood by 1999. This court is a disgusting, disgraceful Pig Farm that prides itself on wrong decisions. As Dershowitz recommended, it should be taken over by USDOJ to protect the public.